**In the Matter of George Louis CARAPELLA, Debtor.**

**George Louis CARAPELLA, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 86–4205.
Adv. No. 87–020.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Feb. 3, 1988.

James Sheehan, Tampa, Fla., and B. Gray Gibbs, St. Petersburg, Fla., for plaintiff.

Hillary B. Burchik, Washington, D.C., for defendant.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

This is a Chapter 7 liquidation case and the matter under consideration is the dischargeability vel non of $1,112,603.10 allegedly owed by George Louise Carapella (Debtor) for unpaid income taxes to the U.S.A. (Government). The claim of dischargeability was presented by the Debtor who on January 21, 1987, initiated the above captioned adversary proceeding. In due course the Government filed its answer to the complaint in which all of the material allegations of the Debtor were denied.

Shortly thereafter the Debtor filed his Motion for Summary Judgment contending that there are no genuine issues of material facts and that he is entitled to a judgment as a matter of law determining that the debt owed to the Government is dischargeable. The Motion was heard in due course and was denied. The dischargeability issue was then presented by the Government who now also contends that the issue can be resolved without a need for a trial summarily in the Government's favor. The Government contends that Debtor's federal income tax liabilities for the years 1977, 1978 and 1979, are not dischargeable pursuant to § 523(a)(1)(C) of the Bankruptcy Code because the Debtor made a fraudulent return for 1977 and willfully attempted to evade or defeat the taxes for 1977, 1978 and 1979. The Government also contends that the Debtor's federal income tax liabilities for the years 1978 and 1979 are not dischargeable pursuant to § 523(a)(1)(B)(i) of the Bankruptcy Code because the Debtor never filed income tax returns for those years. In opposition to the Government's Motion for Summary Judgment, the Debtor argues that there is no evidence before this Court indicating the Debtor's alleged willful intent to evade his income tax liabilities for these years. As to the Government's contention that Debtor's tax liabilities for 1978 and 1979 are not dischargeable because Debtor failed to file a return for these years, the Debtor argues that his execution of a Form 870 constituted an income tax return for those years.

The following undisputed facts relevant to a resolution of these matters appear from the record and can be summarized as follows:

In September, 1979, the Debtor, George Louis Carapella, retained Mr. Richard Baron, a tax attorney, to advise him with respect to his 1977, 1978 and 1979 tax liabilities. As a result of wide publicity by the press and other forms of media which represented or implied that no criminal proceedings would be commenced other than civil proceedings against delinquent taxpayers who voluntarily take steps to comply with the applicable IRS laws, Mr. Baron wrote a letter to the IRS advising the Service that he intended to amend Carapella's 1977 income tax return and prepare and file an original 1978 return on behalf of Carapella.

After receipt of Mr. Baron's letter, the IRS initiated an income tax examination of Carapella for the years 1977 through 1979. IRS agent Rosa Blanco was assigned to conduct the examination. Agent Blanco subpoenaed the records of several financial institutions involved with the Debtor Carapella who operated a diet pill mail fraud scheme for which he had been indicted and eventually convicted in the U.S. District Court in the Western District of Tennessee. Upon the receipt of the information from these financial institutions, Agent Blanco was able to identify eight corporations which she concluded were nothing more than shell corporations operated and controlled by Carapella which corporations never filed tax returns and were entities used by Carapella to funnel money received from the diet pill mail fraud scheme to himself. Based on the information she received, Agent Blanco also prepared a summary of the income Carapella received for the years 1977, 1978 and 1979. At a subsequent meeting between Carapella and Agent Blanco, Carapella admitted that the eight corporations were in fact shell corporations through which he funneled monies to himself and confirmed as accurate the summary of income prepared by Agent Blanco. Carapella then signed a "Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment" (Form 870). Based on all of the above, Agent Blanco recommended that deficiency assessment against Carapella be made for unpaid taxes, penalties and

interest in the amounts of $341,182.20 for 1977, $731,454.99 for 1978 and $39,965.91 for 1979 respectively. Agent Blanco also filed "dummy returns" for the years 1978 and 1979 listing only the name, address and filing status of Carapella. It is undisputed that the sole purpose underlying the preparation of these two "dummy returns" was to establish an entity on the Internal Revenue Service's computer against which the proposed assessments could be posted because, as noted earlier, no returns had been filed by Carapella for these years.

Based on the undisputed fact that the Debtor Carapella did not file form 1040 for the taxable years of 1978 and 1979 it is the contention of the Government that the taxes due to the Government for those years represent a nondischargeable debt and the Government is entitled to a Final Summary Judgment pursuant to § 523(a)(1)(B)(i) of the Bankruptcy Code which excepts from discharge any debt based on an unpaid tax for which a return was required to be filed but was never filed.

■ The Debtor concedes, as he must, that he did not file a Form 1040 for the tax years of 1978 and 1979 but contends that by signing Form 870 he did in fact file a tax return for the years in question. In support of this proposition the Debtor relies on Revenue Ruling 74–203 in which the IRS ruled that an executed Form 870 *with accompanying schedules* (emphasis added) is a return as described in Internal Revenue Code Section 6020(a). The Service stated in Revenue Ruling 74–203:

> Even though a document is not in a form prescribed for use as the appropriate return, it may constitute a return if it discloses the data from which the tax can be computed, is executed by the taxpayer, and is lodged with the Internal Revenue Service. See *Germantown Trust Co. v. Commissioner*, 309 U.S. 304 [60 S.Ct. 566, 84 L.Ed. 770] (1940).

*Germantown Trust Co.*, on which Revenue Ruling 74–203 was based involved the issue of whether a fiduciary return filed by a trustee was a return under the terms of

§ 275(a) of the Internal Revenue Act of 1934. There, the Supreme Court held that where a fiduciary, in good faith, makes what it deems to be the appropriate return and which *discloses all of the data from which the tax can be computed,* such a return is deemed to be a return of the tax imposed by the statute. (emphasis added)

In *U.S. v. Olgeirson,* 284 F.Supp. 655 (DND 1968), a case which Revenue Ruling 74–203 was also based, the District Court held that the signing of Form 870 by a husband and wife, which *disclosed all the information necessary for the preparation of a return* satisfied the requirements of § 6020(a). (emphasis added)

It is undisputed that the Debtor did in fact sign a form 870. This leaves for consideration the question whether or not a signed form 870 by the taxpayer not accompanied by schedules can nevertheless be construed to be an acceptable return under Revenue Ruling 74–203 when the Debtor's tax liability had already been assessed by the IRS. This Court is satisfied that the fact that Form 870 was not accompanied by schedules is of no consequence in this instance because the Government already possessed sufficient information to determine the tax liability of the Debtor. In fact, the record is clear that Revenue Agent Blanco prepared a summary of the taxes due and owing for 1977, 1978 and 1979 and the Debtor agreed and confirmed that those assessments of his tax liability were correct. Hence, at the time the Debtor signed the Form 870 the Government possessed sufficient information to calculate his tax liability. Thus, based on Revenue Ruling 74–203, the executed Form 870 was, in fact, an acceptable return adequate to serve as a substitute for Form 1040. The Government intimated that the IRS had to file "dummy returns" in order to calculate the Debtor's tax liability. However, it is clear from this record that filing of "dummy returns" was done by the Agent for the sole purpose to identify and establish a taxpayer by the name of George Carapella against whom assessments could be made and not to determine the tax liability of Carapella as the Government contends.

■ Based on the foregoing this Court is satisfied that the Government is not entitled to summary judgment on the issue of dischargeability. Furthermore in light of this conclusion this Court is compelled to revisit the Debtor's Motion for Summary Judgment as it relates to the non-dischargeability claim of the Government based on § 523(a)(1)(B)(i), and finds in favor of the Debtor. Based on this, this Court is satisfied that the Debtor is entitled to a partial summary judgment on the Government's claim that the debt is excepted from discharge pursuant to § 523(a)(1)(B)(i) and the claim is dismissed with prejudice. However, there still remains for consideration the issue of non-dischargeability based on the contention of the Government that the Debtor willfully attempted to evade or defeat the tax due for the tax years of 1977, 1978, and 1979, representing a non-dischargeable obligation pursuant to § 523(a)(1)(C) of the Bankruptcy Code. Inasmuch as this presents a genuine issue of material facts, it cannot be disposed of on a Motion for Summary Judgment but requires an evidentiary hearing.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by the Government be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the previously filed Motion for Summary Judgment by Carapella be, and the same is hereby, granted in part and the Government's claim of non-dischargeability based on § 523(a)(1)(B)(i) is denied and said claim be, and the same is hereby, dismissed with prejudice. It is further

ORDERED, ADJUDGED AND DECREED that the final evidentiary hearing shall be scheduled by special notice to consider the dischargeability vel non of Carapella's tax liability pursuant to § 523(a)(1)(C).