**In re Anthony R. D'AVANZA, Jr., Debtor.**

**Anthony R. D'AVANZA, Jr., Plaintiff,**

**v.**

**The UNITED STATES of America and Internal Revenue Service, Defendant.**

**Bankruptcy No. 87–3026–8P7.
Adv. No. 87–365.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

June 29, 1989.

B. Gray Gibbs, Saint Petersburg, Fla., for plaintiff.

Hillary Burchuck, for defendants.

### ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing with notice to all parties in interest upon a Mo-

tion for Summary Judgment filed by Anthony R. D'Avanza, Jr. (Debtor), Plaintiff in this adversary proceeding. The Debtor seeks a determination that his 1981 and 1982 income tax liabilities are dischargeable obligations as a matter of law. The Court has considered the Motion, together with the record, has heard argument of counsel, and now finds the undisputed facts to be as follows:

On April 24, 1984, the Debtor filed his individual federal income tax return for the year ending December 31, 1981. On May 2, 1984, the Debtor contends that he mailed his individual federal income tax return for the year ending December 31, 1982. On June 4, 1987, the Debtor filed his Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code and subsequently instituted this adversary proceeding seeking an Order determining that his federal income tax liabilities for the years 1981 and 1982 are dischargeable in that the obligations do not come within the exception to discharge pursuant to § 523(a)(1)(B)(ii). It should be noted at this juncture, the Government concedes that the Debtor's tax liability for the year 1981 is a dischargeable obligation. Therefore, this Court's opinion shall be limited to the claim of dischargeability vel non of the Debtor's 1982 income tax liability.

With respect to the 1982 liability, the Debtor alleged in the Complaint that the tax return for that year was filed on or before a date two years before the date of the filing of his Petition. It appears, however, that the Internal Revenue Service (Government) has no record of ever receiving this income tax return and on November 28, 1984, made an assessment against the Debtor that included an audit deficiency, a negligence penalty, and a failure to file penalty and interest. This was accomplished by the use of a Form 870, "substitute for return", also known as a "dummy return" which was prepared by the Government to facilitate processing of the proposed assessments against the Debtor. Form 870 which is entitled "Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment" is a form used by the IRS to assess the tax liability of a particular taxpayer and create a return for that taxpayer who has failed to file such return. A Form 870 or "dummy return" signed by a taxpayer which contains sufficient information or data from which a tax can be computed has been found to constitute a return under § 275(a) of the Internal Revenue Code. *Internal Revenue Ruling 74-203, U.S. v. Olgeirson*, 284 F.Supp. 655 (D.N.D.1968), *Germantown Trust Co. v. Commissioner*, 309 U.S. 304, 60 S.Ct. 566, 84 L.Ed. 770 (1940)

Based on the foregoing, the Debtor contends that his income tax liability for the year 1982 is a dischargeable obligation in that it does not come within the exceptions to discharge contemplated in §§ 523(a)(1)(B)(i) or (ii). For this proposition, the Debtor asserts the following two theories as to why his 1982 return should be deemed to have been filed two years prior to the commencement of his case and, hence, dischargeable. The Debtor first contends that he mailed his 1982 income tax return in 1984 and although never received by the Government, the mailed return should be deemed to have been filed in 1984 more than two years prior to the commencement of his case. In the alternative, the Debtor contends that the dummy return prepared by the Government on November 28, 1984, has been recognized by other courts to be a filed return and since it was prepared in excess of the two years prior to the commencement of the Debtor's case, represents a dischargeable tax obligation.

In opposing the dischargeability claim of the Debtor, the Government contends first that the claim of the Debtor that he mailed the return is of no consequence and the return is only deemed to have been filed if it was received. Second, the Government contends that the dummy return with respect to the 1982 taxes should not be accepted as a proper substitute for a return filed by the taxpayer because this form can not provide the factual basis upon which the Court can find that Debtor's tax liabilities for 1982 are dischargeable.

■ The Court has considered the record relevant to the Motion for Summary Judgment filed by the Debtor and is satisfied that with respect to Count I of the Complaint, the Debtor is entitled to a determination that his tax liability is dischargeable. The Debtor's federal income tax return for the year ending December 31, 1981, was filed on April 24, 1984, clearly outside of three years before the date of the filing of his Petition for Relief under Chapter 7.

As to the Debtor's claim set forth in Count II which seeks a determination of the dischargeability of his federal income tax liability for 1982, the resolution of this claim is not without some difficulty. The Debtor contends that he mailed his return for 1982, but it is claimed by the Government that it never received the return. This, of course, in turn caused the Government to file the dummy return for the purpose of processing a proposed assessment against the Debtor for his 1982 income tax liability. This assessment was made on November 28, 1984, and clearly was made in excess of 240 days of the date of filing of the Petition and is, therefore, dischargeable unless the tax liability comes within an exceptive provision of § 523(a)(1)(B)(i) of the Bankruptcy Code, which is precisely the Government's contention, i.e., that the liability is nondischargeable pursuant to § 523(a)(1)(B)(i).

■ The Government contends that the Debtor failed to file a tax return for the year 1982 and, therefore, taxes owed by him for that calendar year are nondischargeable pursuant to § 523(a)(1)(B)(i), notwithstanding that a dummy return for that year was prepared by the Government. This is so because the Government maintains that a "dummy return" is not a return for the purposes of § 523(a)(1)(B)(i) of the Bankruptcy Code. This Court is satisfied that the dummy return in this case does not constitute a return inasmuch as the dummy return or Form 870 contained only the Debtor's name, address, Social Security number and filing status and as such did not contain information which would satisfy or qualify the return as a tax return under the Internal Revenue Code.

■ However, this still leaves for consideration whether the Debtor's income tax liability for 1982, which the Debtor contends was mailed in 1984, clearly in excess of three years of his filing of his Petition, is dischargeable. In support of his contention that he did mail his 1982 income tax return, the Debtor has filed uncontroverted affidavits, one signed by himself, and the other signed by Mark F. Mooney, a tax attorney which indicates that Mr. Mooney prepared the Debtor's 1982 income tax return and forwarded the return with a cover letter to the Debtor containing instructions with regard to filing and mailing the return.

In opposition to these affidavits, the Government contends that the evidence submitted by the Debtor in support of his argument that he mailed his 1982 income tax return to the Internal Revenue Service was irrelevant and inadmissible. In support of its contention, the Government relies on *Phinney v. Bank of Southwest National Association, Houston*, 335 F.2d 266 (5th Cir.1964); *Rich v. Commissioner*, 250 F.2d 170 (5th Cir.1957); and *Deutsch v. Commissioner*, 599 F.2d 44 (2nd Cir.1979).

A careful analysis of this case leaves no doubt that there is scant, if any, support for the proposition urged by the Government. The cases cited by the Government dealt with the issue of whether a petition filed by the taxpayer with a tax court was timely filed. The courts in those cases held that the statute of limitations barring additional assessments by the Government after three years did not begin to run until the IRS *actually* received the taxpayer's return (emphasis supplied). While the courts in these cases concluded that mailing of the income tax return did not constitute filing, the Court did not suggest that it could not consider all the evidence in determining whether the return in issue had actually been filed. The only concrete conclusion that the courts made were that § 502 of the Internal Revenue Code applies only if the document was actually received. Each of these cases considered the issue of whether or not a mailed return is a filed return only for the purposes of the statute

of limitations on the assessment of a tax and certainly not for the purposes of § 523 of the Bankruptcy Code.

It is well established that exceptions to discharge pursuant to § 523(a) of the Bankruptcy Code are narrowly construed against the creditor and liberally in favor of the debtor and that the burden of proof is on the creditor claiming an exception of its debt from the debtor's general bankruptcy discharge. *Murphy & Robinson Investment Co. v. Cross*, 666 F.2d 873 (5th Cir.1982).

More appropriate for this Court's consideration are the cases dealing with the late filing penalties pursuant to § 6651 of the Internal Revenue Code. Section 6651 of the Internal Revenue Code provides for penalties for late filing or failure to file income tax returns. In *Haden v. Commissioner*, TC Memo 1986–539, the Government sought imposition of penalties for failure to file the tax return against a taxpayer. The taxpayer claimed that he had mailed his income tax return to the Internal Revenue Service and presented testimony of two witnesses who accompanied him when he mailed the return. The tax court considered that the issue was solely one of fact, and after examining the evidence, the court accepted the taxpayer testimony as fully corroborated by two witnesses and determined that Government was not entitled to impose penalties for failure of the taxpayer to file. Similarly, in *Carlin v. Commissioner*, TC Memo 1981–694, the tax court considered the taxpayer's testimony that he had mailed his income tax return and concluded that late filing penalties were inappropriate.

■ The evidence presented indicates that the Debtor did, in fact, mail his return in 1984, clearly three years prior to the filing of his Petition under Chapter 7 of the Bankruptcy Code. The Government has provided no evidence to rebut this finding. Based on the foregoing facts and authorities cited by respective counsel, this Court is satisfied that Debtor's Motion for Summary Judgment should be granted, and the Debtor's tax liabilities for the years 1981 and 1982 are dischargeable.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion for Summary Judgment be, and the same is hereby, granted.

A separate Final Judgment shall be entered in accordance with the foregoing.

DONE AND ORDERED.