In re William Edward CHASTANG and Lillian Debrito Chastang, Debtors.

William Edward CHASTANG and Lillian Debrito Chastang, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Bankruptcy No. 88–3141–BKC–3P7. Adv. No. 89–48.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

June 11, 1990.

Albert H. Mickler, Jacksonville, Fla., for plaintiffs.

William K. Bean, Washington, D.C., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding is before the Court upon a complaint seeking damages for violation of the automatic stay and to determine the dischargeability of federal income tax liabilities. A trial was held on April 11, 1990, and upon the evidence presented the Court enters the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. Plaintiff, William Edward Chastang failed to file federal income tax returns for the years 1983, 1984 and 1985.

2. Because these returns were not filed, the Internal Revenue Service prepared "Substitute for Return" for these years. A substitute for return is an unsigned Form 1040 with the plaintiff's name and address but which is otherwise essentially blank. The forms were included in the

administrative files for each year but were not used to determine tax liability.

3. Instead tax liability for years in controversy was determined from reports of wages and other income sent to the Internal Revenue Service by employers and others.

4. In 1988, to collect the unpaid income tax liabilities for 1983, 1984, and 1985, a revenue officer served a levy upon the Department of the Army. The levy demanded that the Army pay to the Internal Revenue Service the retirement pension proceeds due to plaintiff.

5. On December 19, 1988, (after the Army received the levy) the plaintiff and spouse filed for protection under Chapter 7 of the Bankruptcy Code.

6. The defendant notified the Army of the release of the levy promptly. Nevertheless, it received one month's pension payment ($776.55) from the Army in January, 1989, and never returned it to the plaintiff.

7. On April 3, 1989, the plaintiff received a discharge pursuant to 11 U.S.C. § 727.

8. On May 18, 1990, (post trial) notice was filed by plaintiff, Lillian deBrito Chastang, dismissing her complaint against the defendant.

### CONCLUSIONS OF LAW

DISCHARGEABILITY OF TAX DEBTS

11 U.S.C. § 523(a)(1)(B)(i) provides in relevant part:

> (a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—
>
> > (1) for a tax ...
> >
> > > (B) with respect to which a return, if required—
> > >
> > > > (i) was not filed....

Pursuant to 26 U.S.C. § 6012 (the Internal Revenue Code), the taxpayer is the one required to file a tax return. *See, Moore v. Commissioner,* 722 F.2d 193, 196 (5th Cir. 1984). The evidence at trial demonstrates that the Internal Revenue Service prepared substitute for returns for the years 1983,

1984, and 1985, because of the plaintiff's failure to file for these years.

Title 26 U.S.C. § 6020(b) provides that if any person fails to file a required return, "[t]he Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise." This administrative step allows the assessment and collection process to begin. *In re Pruitt,* 107 B.R. 764, 766 (Bankr. D.Wy.1989).

Section 6020(b) does not excuse the debtor from the filing requirement or from criminal liability for failure to file. *Moore, supra* at 196. It provides the Internal Revenue Service with some recourse should a taxpayer fail to fulfill his statutory obligation to file a return, but does not supplant the taxpayer's original obligation to file as established by § 6012. *United States v. Lacy,* 658 F.2d 396, 397 (5th Cir. 1981).

Case law directly on point holds that 11 U.S.C. § 523(a)(1)(B)(i) excepts from discharge taxes for which the debtor failed to file a return, even if the Internal Revenue Service filed a substitute for return pursuant to 26 U.S.C. 6020(b). *In re Pruitt, supra* at 764; *In re D'Avanza,* 101 B.R. 787 (Bankr.M.D.Fla.1989); *In re Hoffman,* 76 B.R. 853 (Bankr.S.D.Fla.1987).

### VIOLATION OF THE AUTOMATIC STAY

The Internal Revenue Service has filed a proof of claim in this case, subjecting it to the jurisdiction of this Court. *Hoffman v. Connecticut Dept. of Income Maint.,* —— U.S. ——, 109 S.Ct. 2818, 106 L.Ed.2d 76 (1989); *In re Simmons,* 110 B.R. 72, (Bankr. M.D.Fla.1990).

11 U.S.C. § 362(h) provides in relevant part:

> An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

In this case the automatic stay was not in effect when the defendant issued its Notice of Levy. Upon notification of the bankruptcy filing, the levy was promptly released.

Because the funds levied were not property of the estate, and the debts underlying the levy were not discharged (explained, *infra*), the defendant is not required to return the funds to the plaintiff. Viewing all of the relevant facts, the Court concludes that no actions were taken by defendant in willful violation of the automatic stay.

A final judgment, consistent with these Findings of Fact and Conclusions of Law, will be separately entered.

## FINAL JUDGMENT FOR DEFENDANT

Upon the Findings of Fact and Conclusions of Law separately entered, it is

ORDERED as follows:

1. Lillian deBrito Chastang is dismissed as party plaintiff.

2. Final Judgment is entered for the defendant, United States of America, and against the plaintiff, William Edward Chastang.

3. The tax liabilities of plaintiff, William Edward Chastang, for the years 1983, 1984, and 1985, are not discharged pursuant to 11 U.S.C. § 523(a)(1)(B)(i).

4. Request for damages for violation of automatic stay of 11 U.S.C. § 362 is Denied.