**In re Robert G. GUSHUE, Debtor.**

**Robert G. GUSHUE, Plaintiff,**

**v.**

**INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 89–20221T.
Adv. No. 90–2416.**

United States Bankruptcy Court,
E.D. Pennsylvania.

April 25, 1991.

---

Shirley D. Peterson, Edward J. Snyder, U.S. Dept. of Justice, Tax Div., Washington, D.C., for I.R.S.

John R. Crayton, McCarthy & Crayton, Bensalem, Pa., for debtor.

## OPINION

THOMAS M. TWARDOWSKI, Chief Judge.

This case is before us on both parties' motions for summary judgment. The issue presented is whether debtor's income tax obligation for the tax years 1975, 1976, 1977 and 1978 is nondischargeable under 11 U.S.C. § 523(a)(1)(B)(i). We grant the United States' motion for summary judgment having concluded that the debt is nondischargeable. A brief summary of the undisputed material facts follows.

Debtor never filed tax returns for the tax years 1975, 1976, 1977 and 1978. Accordingly, in October of 1982, the IRS filed substitute returns[1] under 26 U.S.C. § 6020(b)[2] on debtor's behalf for these tax years. The IRS then used the net worth and expenditure method to calculate debtor's tax obligation for the tax years in question and on November 5, 1984, sent debtor a notice of deficiency. On February 1, 1985, debtor elected to contest the deficiency in the United States Tax Court. Thereafter, the IRS and debtor reached an agreement regarding debtor's tax obligation and on January 31, 1986, the United States Tax Court entered a stipulated decision which incorporated the parties' agreement. Both debtor and the IRS signed the second page of the stipulated decision. Debtor then filed his chapter 7 petition and thereafter, this adversary proceeding to determine the dischargeability of his tax obligation.

The United States maintains that since debtor never filed tax returns for the tax years 1975, 1976, 1977 and 1978, his obligation for the taxes is nondischargeable under 11 U.S.C. § 523(a)(1)(B)(i), which states in relevant part:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(1) for a tax ...

(B) with respect to which a return, if required—

required by an internal revenue law or regulation made thereunder at the time prescribed therefor, or makes, willfully or otherwise, a false or fraudulent return, the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise.

---

1. A substitute return is an unsigned Form 1040 which lists only the taxpayer's name, address, social security number and filing status.

2. 26 U.S.C. § 6020 states in pertinent part:
   (b) Execution of return by Secretary
   (1) Authority of Secretary to execute return. If any person fails to make any return

(i) was not filed....

The United States relies upon *Chastang v. United States (In re Chastang)*, 116 B.R. 833 (Bankr.M.D.Fla.1990); *Crawford v. United States (In re Crawford)*, 115 B.R. 381 (Bankr.N.D.Ga.1990); *Pruitt v. United States (In re Pruitt)*, 107 B.R. 764 (Bankr. Wyo.1989); and *Hofmann v. United States (In re Hofmann)*, 76 B.R. 853 (Bankr.S.D. Fla.1987), all of which hold that a debtor's failure to file a tax return renders his obligation for the tax nondischargeable under 11 U.S.C. § 523(a)(1)(B)(i), even though a substitute return was filed for him by the IRS. *See also, Haywood v. State of Illinois (In re Haywood)*, 62 B.R. 482 (Bankr. N.D.Ill.1986). Debtor admits that he never filed tax returns for the tax years in question, but argues that his signed stipulation in the Tax Court is the equivalent of a "return" under the reasoning of Revenue Ruling 74–203 and *Carapella v. United States (Matter of Carapella)*, 84 B.R. 779 (Bankr.M.D.Fla.1988). We disagree with debtor's argument.

Revenue Ruling 74–203 was announced by the IRS to clarify the definition of a return under 26 U.S.C. § 6020(a),[3] which deals with the situation where a taxpayer who failed to file a return consents to disclose all information necessary to enable the IRS to prepare the return on the taxpayer's behalf.[4] In Revenue Ruling 74–203, the IRS determined that an executed Form 870 with accompanying schedules is a return as described in 26 U.S.C. § 6020(a). Revenue Ruling 74–203 states in pertinent part:

> Even though a document is not in the form prescribed for use as the appropriate return, it may constitute a return if it

discloses the data from which the tax can be computed, is executed by the taxpayer and is lodged with the Internal Revenue Service.

In *Matter Carapella*, 84 B.R. at 782, The Honorable Alexander L. Paskay of the United States Bankruptcy Court for the Middle District of Florida found that the debtor's signing of a Form 870, although not accompanied with schedules, was an acceptable return where the debtor's tax liability had already been assessed by the IRS.[5] The approach adopted by Judge Paskay in *Matter of Carapella*, however, represents a deviation from the approach adopted by other courts, *see, In re Chastang*, 116 B.R. at 834; *In re Crawford*, 115 B.R. at 382–383; *In re Pruitt*, 107 B.R. at 766; *In re Hofmann*, 76 B.R. at 854; *In re Haywood*, 62 B.R. at 486, and in fact was not followed in *D'Avanza v. United States (In re D'Avanza)*, 101 B.R. 787 (Bankr.M. D.Fla.1989), a case decided by Judge Paskay the following year.[6]

Instantly, debtor never executed a Form 870 and the substitute returns filed by the IRS under 26 U.S.C. § 6020(b) on debtor's behalf were not signed by debtor and contained only debtor's name, address, social security number and filing status. Hence, the substitute returns do not qualify as returns under 26 U.S.C. § 6020(a), Revenue Ruling 74–203 or *Matter of Carapella*, 84 B.R. at 782. As for the stipulated decision, which was signed by debtor, we find that it also does not qualify as a return under any of these standards. 26 U.S.C. § 6020(a) was designed to benefit a taxpayer who, after failing to file a return, cooperates with the IRS and provides all information necessary to enable the IRS to prepare the

---

**3.** 26 U.S.C. § 6020(a) states:

(a) Preparation of return by Secretary.

If any person shall fail to make a return required by this title or by regulations prescribed thereunder, but shall consent to disclose all information necessary for the preparation thereof, then, and in that case, the Secretary may prepare such return, which, being signed by such person, may be received by the Secretary as the return of such person.

**4.** 26 U.S.C. § 6020(b), which the IRS utilized to file the substitute return in this case, does not involve cooperation from the taxpayer in preparing the substitute return.

**5.** Additionally, in *Matter of Carapella,* 84 B.R. at 782, the debtor's attorney initially advised the IRS that the debtor would be filing returns for those tax years for which returns were never filed. Hence, it could be argued that the debtor in *Matter of Carapella* had shown some willingness to cooperate with the IRS.

**6.** In *In re D'Avanza,* 101 B.R. at 789, Judge Paskay ruled that a Form 870, signed by the debtor, did not qualify as a return under 11 U.S.C. § 523(a)(1)(B)(i) where the Form 870 contained only the debtor's name, address, social security number and filing status.

return for the taxpayer. Revenue Ruling 74–203 was announced by the IRS to clarify § 6020(a). An anomalous result would be reached if we were to rule that debtor, who failed to file his tax returns, did not cooperate with the IRS in preparing the substitute returns and then challenged the IRS' notice of deficiency in the United States Tax Court, is deemed to have filed his returns under 26 U.S.C. § 6020(a) and Revenue Ruling 74–203 simply because he settled his dispute with the IRS and signed a stipulated decision which was entered by the Tax Court. Accordingly, we find that debtor can not be deemed to have filed the returns under 26 U.S.C. § 6020(a) or Revenue Ruling 74–203 and that debtor's obligation for the tax years 1975, 1976, 1977 and 1978 is nondischargeable under 11 U.S.C. § 523(a)(1)(B)(i) and we grant the United States' motion for summary judgment.

An appropriate order follows.

### ORDER

AND NOW, this 25th day of April, 1991, it is ORDERED that: (1) defendant's motion for summary judgment is GRANTED; and (2) plaintiff's cross-motion for summary judgment is DENIED; and (3) this adversary complaint is DISMISSED WITH PREJUDICE.