**UNITED STATES of America, Appellant,**

**v.**

**Anthony R. D'AVANZA, Jr., Appellee.**

**No. 89–1354 Civ–T–10(C).**

United States District Court,
M.D. Florida,
Tampa Division.

Aug. 13, 1991.

Hillary B. Burchuk, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for appellant/creditor.

B. Gray Gibbs, St. Petersburg, Fla., for appellee/debtor.

## ORDER

HODGES, District Judge.

Before the Court is the Government/Creditor's appeal of the bankruptcy court's order of summary judgment and final judgment in favor of the Debtor (Doc. 2). 101 B.R. 787.

The facts in the case are pleasantly simple. The Debtor, supported by affidavits, alleges that he tardily mailed his 1982 income tax return on 2 May 1984. The Government alleges that the Internal Revenue Service (I.R.S.) never received a 1982 return from the Debtor. The Government supports its allegation with a "Certificate of Lack of Record" and a "dummy" filing, which I.R.S. employees developed based on the lack of a return by Debtor.

The bankruptcy court found that the Debtor's federal income tax obligation for 1982 was discharged because his return was filed more than two years before the Debtor filed his petition for bankruptcy under Chapter 7. The Bankruptcy Code provides that a debtor's federal income tax liability will not be discharged if a return was not filed or if a late return was filed within two years of the bankruptcy petition filing.[1] In other words, the tax debt would be discharged if a return was tardily filed more than two years before the bankruptcy filing.

■ The Debtor claims that by mailing his 1982 return on 2 May 1984, he thereby filed his return and is eligible for a discharge of his 1982 tax debt. The Government claims that the Debtor never filed a 1982 return. Therefore, the main issue in the appeal is whether the bankruptcy court used the correct definition of "filed". If mailing is synonymous with filing then the bankruptcy court was on the right track. If receipt by the Internal Revenue Service is filing, it was not. The Bankruptcy Code does not provide a definition of filing and no case on point has been found; The Court will, therefore, look to the Internal Revenue Code itself.

The Internal Revenue Code explicitly allows mailing to be considered filing where a mailing is accomplished within the time limits of the Code.[2] However, Debtor did not timely mail his 1982 return so this section is not applicable.

Where an untimely mailing is made it would appear that actual receipt by the I.R.S. is necessary. This is how the courts have interpreted "filing" with respect to the Internal Revenue Code's three year statute of limitations under 26 U.S.C. 6501. *Phinney v. Bank of the Southwest Nat'l Ass'n, Houston,* 335 F.2d 266 (5th Cir.1964) (filing is not complete until delivered to and received by the I.R.S. *citing United States v. Lombardo,* 241 U.S. 73, 36 S.Ct. 508, 60 L.Ed. 897 (1916)); *Emmons v. Commissioner of Revenue,* 898 F.2d 50 (5th Cir. 1990) ("We decline to ignore the statute's

---

1. 11 U.S.C. § 523(a)(1)(B).

2. 26 U.S.C. § 7502(a). One of the benefits of this section is that returns may be mailed on 15 April and still be considered as a timely filing.

[26 U.S.C. § 7502] plain words. Thus, all timely returns are considered filed as of the postmark date and all late returns are considered filed as of the date of delivery."); *First Charter Financial Corp. v. U.S.*, 669 F.2d 1342 (9th Cir.1982) (where 26 U.S.C. § 7502 does not apply, three year statute of limitations starts upon receipt of return by I.R.S., not upon its mailing). The statute of limitations is most closely analogous to the present case involving a bankruptcy discharge. Both situations require a determination as to whether a tax debtor will be relieved of his legal duty to pay.

The bankruptcy court applied the definition of filing used in two tax court memos [3] interpreting filing with respect to late filing penalties under 26 U.S.C. § 6651. In those cases, the tax court considered a return to be filed upon mailing. However, Section 6651 requires willful neglect in order to assess penalties and appears less analogous to the present case.

Construing the Internal Revenue Code as a whole, the most compelling definition of filing is that of delivery to and receipt by the I.R.S. The case does not fit into the Code's specific provision which equates filing with mailing. Because Congress did not provide a definition of filing in the Bankruptcy Code, it must be concluded that it intended for the Internal Revenue Code definition, as construed by the courts, to be used. In accordance with *Emmons*, supra, the plain words of the Internal Revenue Code dictate that the Debtor's 1982 return not be considered filed unless it was received by the I.R.S.

■ The Debtor's contention that the "dummy" return filed by the I.R.S., in the absence of a return filed by the Debtor, should act as a filing for the purposes of Section 523 is without merit. The Court follows the holding and reasoning of the bankruptcy court in this respect.

Upon due consideration, the decision of the bankruptcy court is REVERSED and the case is REMANDED for further consideration in accordance with this opinion.

IT IS SO ORDERED.

DONE and ORDERED.

---

**3.** *Hayden v. Commissioner*, TC Memo 1986–539; *Carlin v. Commissioner*, TC Memo 1981–694.