In re Clifford W. CHAPIN and
Peggy Chapin, Debtors.

Clifford W. CHAPIN and Peggy Chapin,
Plaintiffs/Appellants,

v.

UNITED STATES of America, acting
through the INTERNAL REVENUE
SERVICE, Defendant/Appellee.

No. 92–1121.

United States District Court,
C.D. Illinois,
Peoria Division.

June 22, 1992.

James S. Brannon, Peoria, IL, for plaintiffs/appellants.

Gerald A. Brost, Asst. U.S. Atty., Peoria, IL, for defendant/appellee.

## ORDER

MIHM, Chief Judge.

Before the court is an appeal from the Bankruptcy Court for the Central District of Illinois, the Honorable William V. Altenberger presiding. For the reasons set forth below, the decision of the bankruptcy court is affirmed.

## BACKGROUND

This case presents solely a question of law. There are no facts in dispute. Between 1969 and 1983, the debtors failed to pay federal income taxes. As a result, the debtors owe the government approximately $115,000. Because the debtors filed no income tax returns for these years, the IRS executed returns on their behalf pursuant to 26 U.S.C. § 6020(b). That section provides:

(b) **Execution of Return by Secretary.**—

(1) **authority of Secretary to execute return.**—If any person fails to make any return required by any Internal Revenue law or regulation made thereunder at the time prescribed therefor, or makes, willfully or otherwise, a false or fraudulent return, the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise.

(2) **Status of Returns.**—Any return so made and subscribed by the Secretary shall be prima facie good and sufficient for all legal purposes.

In 1990, the debtors filed for bankruptcy protection. In the course of their Chapter 7 bankruptcy, the debtors filed an adversary proceeding against the United States, seeking to have the tax debt declared discharged. The Bankruptcy Code provides that such older tax debts may be discharged, with the caveat that a tax debt is not discharged if no return has been filed. In this case, the debtors argue that a "return" had been filed because the IRS had executed a substitute return on their behalf pursuant to § 6020(b). The United States responds that a substitute return executed by the IRS does not constitute a "return" for purposes of the dischargeability statute. The bankruptcy court agreed and found that he debt was not dischargeable, noting that all courts to address this issue to date have so found.

## DISCUSSION

The Bankruptcy Code provides at 11 U.S.C. § 523(a)(1)(B)(i):

(a) A discharge under Section 727, ... does not discharge an individual debtor from any debt—

(1) for a tax ...

(B) with respect to which a return, if required—

(i) was not filed....

The question presented by this appeal is whether the "return" language of § 523(a)(1)(B)(i) includes a substitute return filed by the IRS under § 6020(b). In other words, if the IRS executes a substitute return for an individual who has not filed his own return, does that mean that a "return" has been filed for purposes of § 523 so that the tax debt would be discharged?

■ The debtors make two arguments in support of their position that tax debts should be discharged under § 523 if the

government files a substitute return. First, they argue that the plain text of the statute so dictates. Second, they argue that, if there is any ambiguity in the wording of the statute requiring further analysis, the legislative history and relevant policy considerations command a finding that Congress intended to discharge such debts. The government's response relies heavily on authority, noting that all reported decision on the subject, as well as the bankruptcy court's decision in this case, have rejected the debtors' position. *See In re Bergstrom*, 949 F.2d 341 (10th Cir.1991); *United States v. D'Avanza*, 132 B.R. 462 (M.D.Fla.1991); *In re Rench*, 129 B.R. 649 (Bankr.D.Kan.1991); *In re Pruitt*, 107 B.R. 764 (Bankr.D.Wyo.1989); *In re Hofmann*, 76 B.R. 853 (Bankr.S.D.Fla.1987); *In re Haywood*, 62 B.R. 482 (Bankr.N.D.Ill.1986). The government does not respond with policy arguments concerning the dischargeability of such tax debts.

## I. *Plain Meaning of Statute*

The debtors argue that § 523 is crystal clear—that it refers simply to a "return," which must include a substitute return under § 6020(b) because that is a type of return. The debtors go on to argue that where a statute's meaning is plain on its face, a court should simply apply it as written without looking behind the statute to discern its meaning. While other courts have also found that the "return" language of § 523 is clear, they have found that it plainly does *not* include such substitute returns. *See Rench*, 129 B.R. at 651; *Haywood*, 62 B.R. at 485.

In this court's view, § 523 is not clear with respect to the issue of substitute returns. When it refers a "return" which was not filed, it does not expressly include or exclude substitute returns executed by the IRS. The fact that there are these two different types of "returns" under the Internal Revenue Code means that the simple term "return" is ambiguous. This court is therefore uncertain from the plain text of the statute whether Congress meant to include only those returns actually filed by the debtor or meant to include also substitute returns filed by the IRS. Accordingly,

the debtors' first argument that the plain text of the statute dictates that its tax debt be discharged is rejected.

## II. *Legislative History/Policy Considerations*

The debtors' second argument is that, even if the text itself is ambiguous, the legislative history reveals that Congress intended to include substitute returns in its definition of "return." In support of this argument, the debtors point out that the corresponding provision in the old Bankruptcy Act (§ 17(a)) made specific reference to the situation where "the *bankrupt* failed to make a return." They go on to argue that the absence of such limiting language in the current Bankruptcy Code reflects Congress's desire to expand this provision to include substitute returns filed by the IRS. The government responds simply that this argument has already been considered and rejected by other courts. *See, e.g., Hofmann*, 76 B.R. at 854.

Ordinarily, this court would agree with the debtors that the removal of the limiting language of "the bankrupt" in the Act would reflect a desire by Congress to change the law to include returns filed by someone other than the debtor, such as the IRS. In the absence of any other explanation, such would be a logical conclusion. However, in this instance, the court need not glean Congress's intention based upon its actions, because Congress expressly stated its intention in the legislative history to § 523. The Senate Report expressly states a desire to include only those returns actually filed by the debtors in the dischargeability statute.

> Also included in the non dischargeable debts are taxes *for which the debtor had not filed a required return* as of the petition date, or for which a return had been filed beyond its last permitted due date.

Senate Report No. 95–989, 95th Cong., 2nd Sess. 78 (1978), U.S.Code Cong. & Admin.News (1978) pp. 5787, 5864 (emphasis added). In this court's view, this legislative history is stronger evidence of Con-

gress's intention behind § 523 than the change in language from the old Bankruptcy Act. Accordingly, this court now finds, as have all other courts to address the issue, that the word "return" in § 523 means only those returns actually filed by the debtors.

The debtors also make some arguments that a dischargeability law which distinguishes between returns filed by the debtor and those filed by the IRS would be arbitrary and unfair. This court will not address these concerns. It is not the function of this court to rewrite laws which appear to be unjust. This court's function is to interpret the laws of Congress, not to amend them.

### CONCLUSION

For the reasons set forth above, this court AFFIRMS the order of the bankruptcy court. The Clerk is instructed to enter final judgment in favor of the Defendant/Appellee and against the Plaintiff/Appellant.