**In re Alan Wayne GENTRY, Debtor.**

**Alan Wayne GENTRY, Plaintiff,**

v.

**UNITED STATES of America, INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 94–08806. Adversary No. 395–0092A.**

United States Bankruptcy Court, M.D. Tennessee.

Feb. 5, 1997.

---

W. David Broemel, Nashville, TN, for Plaintiff.

Shannon L. Hough, Washington, DC, for Defendant.

## ORDER

GEORGE C. PAINE, II, Chief Judge.

This matter is before the Court on the Summary Judgment Motions of the Internal Revenue Service, for the United States of America, and of the Debtor, Alan Wayne Gentry. The issue before the Court is whether the Debtor's tax obligations for the 1979 and 1980 tax years are dischargeable pursuant to 11 U.S.C. § 523(a)(1). The court finds that there are no genuine issues of material fact in dispute and that the IRS' motion for summary judgment is well founded in law. Accordingly, the Court hereby grants the IRS' motion, and denies the Debtor's motion.

The Debtor originally filed a Motion for Summary Judgment in 1995, but no similar motion was filed by the IRS. On that motion, the Court denied the Debtor's request for summary judgment, and the Debtor appealed. The United States District Court declined to hear the appeal, finding no final appealable order. In overruling Debtor's original summary judgment motion, the Court found that no genuine issues of material fact remained in dispute, but that the Debtor was not entitled to a judgment as a matter of law. Specifically, the Court found that the Debtor's actions did not constitute a filing of a tax return that would render his 1979 and 1980 tax liabilities dischargeable. In the current motion, the Debtor argues that two recent bankruptcy court decisions should persuade this Court to decide otherwise; *Berard v. United States of America (In re Berard),* 181 B.R. 653, (Bankr. M.D.Fla.1995) and *Sullivan v. United States of America (In re Sullivan),* 200 B.R. 327 (Bankr.N.D.Ohio 1996). Upon review of both decisions, however, the Court finds those opinions distinguishable from the present case.

In *Berard,* the Debtors were audited in 1987 for the tax years 1982 through 1986. They had failed to file returns for any of the years at issue. In 1988, Debtor cooperated with the IRS agent in preparing and executing a Form 4549 titled Income Tax Examination Changes. The IRS contended that no tax return was filed for 1982, 1983 and 1984 despite the execution of the Form 4549, and therefore no discharge should be permitted pursuant to § 523(a)(1). The Debtors argued that because the IRS had accepted the form, that the requirement for filing a tax return had been satisfied.

The court in *Berard* held that in order for a tax return to count as filed, a return must be final, and it must provide the IRS with all the necessary information to compute the taxes due. *Berard,* 181 B.R. at 655. The Court found that the IRS and the Debtors had prepared the Form 4549 in cooperation with one another, that the Debtors consented to an immediate assessment, and moreover had waived valuable rights, such as a statutory notice of deficiency and the right to contest the changes in tax court. The court concluded that the taxpayers had provided all of the necessary to effectively compute their tax liability, and furthermore had effectively assented to assessment of such.

In the present case, in 1984, the IRS prepared substitute returns for the Debtor under the authority granted by 26 U.S.C. § 6020(b) which the Debtor failed to execute.[1] The IRS then sent a letter in 1985 setting fourth the IRS' determination of the Debtor's tax obligations. Later that year, the Debtor filed a petition with the United States Tax Court to protest his debt, but that petition was dismissed for lack of jurisdiction. In 1986, Debtor received a statutory notice of deficiency, and Debtor again filed a petition with the United States Tax Court to contest his tax obligation. Finally, in December of 1987, the IRS assessed Debtor's taxes. Debtor filed Forms 870 and 4089 in April of 1989.[2]

As the Court in *Lowrie v. United States of America (In re Lowrie)*, 162 B.R. 864, 866 (Bankr.D.Nev.1994) noted "every court that has addressed the issue has held that when a Debtor fails to file a tax return and the IRS prepares one for her pursuant to § 6020(b), the Debtor is not considered to have filed a return for purposes of § 523(a)(1)(B)(i)." In this case, Debtor's cooperation with the IRS simply came too late. The Court recognizes the Debtor's honest attempts to reconcile his differences with the IRS, but that effort came too late to render this debt dischargeable. The IRS had already expended a considerable effort in researching and preparing the return, fighting the Debtor in Tax Court, and then assessing him before the Debtor submitted Forms 870 and 4089. As such, this case is readily distinguishable from *Berard.*

Debtor also relies on *Sullivan v. United States of America (In re Sullivan)*, 200 B.R. 327 (Bankr.N.D.Ohio 1996). In *Sullivan,* the Debtor actually filed a 1040, rather than a Form 870 Waiver, no assessment had occurred at the time the returns were filed, and the return was filed only one week after the expiration of the Debtor's statutory right to protest the IRS' deficiency determination. Again, in the present case, the Debtor's cooperation with the IRS and the execution of the forms 870 and 4089 were just too tardy.

Finally, Debtor argues that his execution of the 870 and 4089 Forms constituted a constructive filing or that the stipulation he entered into during the Tax Court litigation counts as such. The Court simply cannot agree. Where the IRS prepares a substitute return for the Debtor pursuant to 26 U.S.C. § 6020(a), the substitute return may count as a filed return for purposes of § 523(a)(1). However, where the IRS must prepare the substitute return to § 6020(b), without the assistance of the taxpayer, as was the case here, the substitute form cannot count as a filed return for purposes of § 523(a)(1). *In re Lowrie*, 162 B.R. at 867 (where Debtor has failed to file and IRS prepares substitute returns to serve as a basis to assess and collect, those taxes are properly held nondischargeable); *Gushue v. Internal Revenue Service (In re Gushue)*, 126 B.R. 202, 204–05 (Bankr.E.D.Pa.1991) ("An anomalous result would be reached if we were to rule that a Debtor, who failed to file his tax returns, did not cooperate with the IRS in preparing the substitute returns and then challenged the IRS' notice of deficiency in the United States Tax Court is deemed to have filed his returns

1. Section 6020 provides as follows:
   § 6020 Returns prepared for or executed by Secretary
   (a) Preparation of return by Secretary.- If any person shall fail to make a return required by this title or by regulation prescribed thereunder, but shall consent to disclose all information necessary for the preparation thereof, then, and in that case, the Secretary may prepare such return, which, being signed by such person, may be received by the Secretary as the return of such person.
   (b) Execution of return by Secretary.-
   (1) Authority of Secretary to execute return.- If any person fails to make any return required by any internal revenue law or regulation made thereunder at the time pre-

scribed therefor, or makes, willfully or otherwise, a false or fraudulent return, the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise. (2) Status of returns.- Any return so made and subscribed by the Secretary shall be prima facie good and sufficient for all legal purposes.
26 U.S.C.A. § 6020 (1996).

2. By signing the 870 Form, the Debtor would normally be consenting to the IRS assessment of taxes shown in the IRS' 90-day letter. However, in this case the form was executed over a year after the assessment occurred.

under 26 U.S.C. § 6020(a) and Revenue Ruling 74–203 simply because he settled his dispute with the IRS and signed a stipulated decision which was entered by the Tax Court.").[3]

Accordingly, the Court finds that the Debtor's Motion for Summary Judgment is hereby denied. Furthermore, the Court finds that there are no genuine issues of material fact in dispute, and that the IRS is entitled to a judgment as a matter of law. The Court therefore grants the IRS' Motion for Summary Judgment.

It is, THEREFORE, so ordered.

---

3. Other courts rejecting the argument that the filing of a substitute form excepts a Debtor from discharge under § 523(a)(1)(B) include: *Chapin v. United States of America (In re Chapin),* 148 B.R. 304 (C.D.Ill.1992); *Hofmann v. United States of America (In re Hofmann),* 76 B.R. 853 (Bankr.S.D.Fla.1987); *Bergstrom v. United States (In re Bergstrom),* 949 F.2d 341 (10th Cir.1991); *Pruitt v. United States of America (In re Pruitt),* 107 B.R. 764 (Bankr.D.Wyo.1989); *United States of America v. D'Avanza,* 132 B.R. 462 (M.D.Fla. 1991); *Rench v. United States (In re Rench),* 129 B.R. 649 (Bankr.D.Kan.1991); *Haywood v. State of Illinois (In re Haywood),* 62 B.R. 482 (Bankr. N.D.Ill.1986).