In re Raymond Edward RANK, Debtor.

Raymond Edward RANK, Plaintiff,

v.

UNITED STATES of America
INTERNAL REVENUE
SERVICE, Defendant.

Bankruptcy No. 92–3019.

Related Case No. 90–33641–S.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Nov. 4, 1993.

Verne K. Armstrong, Toledo, OH, Beverly Ortega Babers, Trial Atty., Tax Div., Dept. of Justice, Washington, DC, for defendant.

Randy L. Reeves, Lima, OH, for plaintiff.

## *MEMORANDUM OPINION AND ORDER*

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Defendant's Motion for Summary Judgment; Memorandum in Support; and Reply to Debtor's Memorandum; and Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment. The Court has reviewed the written arguments of counsel, supporting affidavits, statements and exhibits, as well as the entire record in the case. Based upon that review, and for the following reasons, the Court finds that Defendant's Motion for Summary Judgment should be Granted in part and Denied in part.

### *FACTS*

Plaintiff filed a Petition for Relief under Chapter 7 of the Bankruptcy Code on October 19, 1990, listing Defendant as a Creditor with unsecured, nonpriority tax claims emanating from calendar years 1981, 1983 and 1984. Plaintiff's discharge was entered on January 28, 1991 and on February 11, 1991, the underlying case was closed. After discharge, Defendant continued to demand payment for the purported tax liability and eventually, Defendant levied against Plaintiff's wages.

Plaintiff's unsuccessful attempts to negotiate removal of the levy and to abate further action for collection culminated in the filing of a Complaint for Violation of Discharge Order on January 15, 1992 and Motion for Temporary Injunction with Memorandum in Support. On January 29, 1992, this Court ordered Defendant to withdraw its levy within thirty (30) days. Plaintiff filed an Amended Complaint for Violation of Discharge Order on February 12, 1992. Defendant filed a Motion for Summary Judgment and Memorandum in Support to which Plaintiff responded by filing a Memorandum in Opposition. In the interim, Defendant filed a Stipulation which proposes that Plaintiff's nondischargeable tax liability is as follows:

| | |
|---|---|
| 1981 Tax Liability | $16,288.00 |
| 1981 Interest (1/1/82 through 10/19/90) | $27,690.03 |
| 1983 Tax Liability | $ 5,237.00 |
| 1983 Interest (1/1/84 through 10/19/90) | $ 5,240.18 |

In addition, Defendant stipulated that the following debts are dischargeable: 1984 Tax Liability; Penalty on the 1984 Tax Liability; Interest on the 1984 Penalty; Penalty on the 1981 Tax Liability; Interest on 1981 Penalty; Penalty on the 1983 Tax Liability; and Interest on 1983 Penalty.

Defendant was granted leave to file a Reply to Plaintiff's Memorandum in Opposition. The Reply was filed accompanied by copies of Substitute for Returns made and filed on behalf of Plaintiff by Defendant for tax years 1980 and 1983; a statement by Defendant's Trial Counsel; and a statement by Defendant's Revenue Officer.

### *LAW*

Relevant portions of the UNITED STATES CODE, Title 26, the INTERNAL REVENUE CODE, read as follows:

**§ 6020. Returns prepared for or executed by Secretary**

**(a) Preparation of return by Secretary**

If any person shall fail to make a return required by this title or by regulations prescribed thereunder, but shall consent to disclose all information necessary for the preparation thereof, then, and in that case, the Secretary may prepare

such return, which, being signed by such person, may be received by the Secretary as the return of such person.

**(b) Execution of return by Secretary**

**(1) Authority of Secretary to execute return**

If any person fails to make any return required by any internal revenue law or regulation made thereunder at the time prescribed therefor, or makes, willfully or otherwise, a false or fraudulent return, the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise.

**(2) Status of returns**

Any return so made and subscribed by the Secretary shall be prima facie good and sufficient for all legal purposes.

**11 U.S.C. § 523. Exceptions to Discharge**

(a) A discharge under section 727, 1141, [,] 1228[a] 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

(B) with respect to which a return, if required—

(i) was not filed;

### DISCUSSION

The standards for summary judgment are found in Rule 56 of the Federal Rules of Civil Procedure and Bankruptcy Rule 7056. To succeed on a motion for summary judgment, the movant must demonstrate that there are no genuine issues of material fact and that the movant is entitled to judgment as matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The movant will prevail upon showing that all elements of the cause of action coexist. *R.E. Cruise, Inc. v. Bruggeman,* 508 F.2d 415 (6th Cir.1975). A motion for summary judgment must be construed in the light most favorable to the party opposing the motion. *In re Weitzel,* 72 B.R. 253,256 (Bankr.N.D.Ohio 1987) (quoting *In re·Sostarich,* 53 B.R. 27 (Bankr.W.D.Ky.1985)).

The preeminent issues before the Court include a determination of dischargeability regarding Plaintiff's purported tax liabilities; and the Defendant's violation, if any, of the discharge order. Prior to making this determination, the Court must answer two (2) threshold questions raised by the parties in their respective Motions. First, whether Plaintiff filed tax returns for calendar years 1981 and 1983. Second, what weight should be given the Substitute for Return filed by the IRS on Plaintiff's behalf. These issues bring the case within the realm of a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (O).

■ Under 26 U.S.C. § 6020(b), the Secretary is authorized to make a return for any taxpayer who fails to do so. The Internal Revenue Service (hereafter "IRS") may compute the taxpayer's income by any method which clearly reflects the taxpayer's income. 26 U.S.C. § 446(b). A determination of the tax liability, if calculated according to acceptable procedure, is presumptively correct and shifts the burden of producing contrary evidence to the taxpayer. *United States v. Walton,* 909 F.2d 915 (6th Cir.1990) (citing *Helvering v. Taylor,* 293 U.S. 507, 515, 55 S.Ct. 287, 290, 79 L.Ed. 623 (1935)). The taxpayer must then prove by a preponderance of the evidence that the assessment is arbitrary and excessive. *Id,* at 515, 55 S.Ct. at 290. The Substitute for Return, made and subscribed by the Secretary, is prima facie good and sufficient for all legal purposes. 26 U.S.C. § 6020(b)(2).

■ Defendant's Motion for Summary Judgment merely alleges that Plaintiff failed to file a return for calendar years 1981 and 1983. Plaintiff's response to these allegations is twofold. First, Defendant failed to present evidence sufficient to shift the burden of producing evidence to the Plaintiff. Second and in the alternative, the Substitute for Return filed on Plaintiff's behalf by the IRS does constitute the filing of a return for purposes of the dischargeability statute. Accordingly, Defendant argues that Plaintiff's Motion for Summary Judgment should fail. To support this proposition, Plaintiff submitted a Memorandum Opinion rendered in *Cross v. United States of America (In re Cross),* 1991 WL 281710 (Bankr.D.Nev.1991). Actually, the threshold issue addressed in

*Cross* is whether certain claim forms (Form W–2 and Form 843) submitted to the IRS constitute tax returns even though the debtor did not intend for them to be treated as such. However, as an aside, the court makes a finding that a "dummy" return, without the Secretary's signature, is not prima facie good and sufficient for all legal purposes. To countermand Plaintiff's argument, Defendant responded by presenting copies of 1981 and 1983 Substitute for Returns filed on Plaintiff's behalf by the IRS. Plaintiff failed to produce any contrary evidence regarding the validity of either Substitute for Return.

This Court finds that the 1981 Substitute for Return submitted on Plaintiff's behalf complies with the rule of law in *Cross* since it was **made and subscribed** (emphasis added) by the Secretary as authorized under 26 U.S.C. § 6020(b)(2). Absent contrary evidence adduced by the Plaintiff, the 1981 Substitute for Return is prima facie good and sufficient for showing that Plaintiff failed to file a 1981 tax return. The controversy arises in the Court's consideration of whether the Substitute for Return executed by the IRS under Section 6020 constitutes a return for purposes of Section 523 so that Plaintiff's tax liability can be discharged.

■ Section 6020 gives the Secretary authority to complete a Substitute for Return on behalf of the taxpayer who fails to file a required return; and it gives the IRS recourse should a taxpayer fail to fulfill that statutory obligation. *In re Chastang*, 116 B.R. 833, 834 (Bkrtcy.M.D.Fla.1990) (citing *United States v. Lacy*, 658 F.2d 396, 397 (5th Cir.1981)). Section 6020 does not supplant the taxpayer's obligation to file nor relieve the taxpayer from criminal liability for failure to file. *In re Chastang, id,* 834 (citing *Moore v. C.I.R.,* 722 F.2d 193, 196 (5th Cir. 1984)). The creation of a Substitute for Return is purely administrative, permitting the assessment and collection processes to commence. *In re Chastang, id,* 834, (citing *Pruitt v. United States (In re Pruitt),* 107 B.R. 764, 766 (Bkrtcy.D.Wyo:1989)). Since the Substitute for Return generally contains only basic demographic information about the taxpayer, it does not contain sufficient information to qualify the return as a "tax return" under the Internal Revenue Code. *In re D'Avanza,* 101 B.R. 787 (Bkrtcy. M.D.Fla.1989) *rev'd on other grounds,* 132 B.R. 462 (M.D.Fla.1991).

Congress' intention, as evidenced in the following excerpt from the legislative history of Section 523, expressly states a desire to include as dischargeable only those returns filed by the debtor.

> "Also included in the non dischargeable debts are taxes for which the debtor had not filed a required return as of the petition date, or for which a return had been filed beyond its last permitted due date."

*In re Chapin,* 148 B.R. 304 (C.D.Ill.1992) (citing S.Rep. No. 989, 95th Cong., 2d Sess. 78 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5864).

■ Several bankruptcy courts have rejected the argument that the filing of a Substitute Return excepts a debtor from discharge of taxes under 11 U.S.C. § 523(a)(1)(B)(i). Failure of the debtor to file a tax return renders the tax nondischargeable under 11 U.S.C. § 523(a)(1)(B)(i), even though a tax return is filed on the debtor's behalf by agents or employees of the IRS. See *Hofmann v. United States (In re Hofmann),* 76 B.R. 853 (Bkrtcy.S.D.Fla. 1987); *Chapin v. United States (In re Chapin),* 148 B.R. 304 (C.D.Ill.1992); *Bergstrom v. United States (In re Bergstrom),* 949 F.2d 341 (10th Cir.1991); *Pruitt v. United States (In re Pruitt),* 107 B.R. 764 (Bkrtcy.D.Wyo. 1989); *United States v. D'Avanza (In re D'Avanza),* 132 B.R. 462 (M.D.Fla.1991); *Rench v. United States, Internal Revenue Service (In re Rench),* 129 B.R. 649 (Bankr. D.Kan.1991); *Hofmann v. United States (In re Hofmann),* 76 B.R. 853 (Bankr.S.D.Fla. 1987); and *Haywood v. State of Illinois (In re Haywood),* 62 B.R. 482 (Bankr.N.D.Ill. 1986).;

■ This Court joins other Bankruptcy Courts in finding that under the circumstances in this case, the 1981 Substitute for Return filed on Plaintiff's behalf does not fall within the context of a tax return. Since Plaintiff failed to file a return and the return filed on his behalf is not considered a tax return for purposes of 11 U.S.C.

§ 523(a)(1)(B)(i), Plaintiff's 1981 tax liability, including interest, is Nondischargeable.

■ The Substitute for Return filed for 1983, however, does not comport with the statutory requirements of 26 U.S.C. § 6020(b) or the principle established in *Cross*. While the Secretary is authorized to make the return, the return so made is only prima facie good and sufficient for all legal purposes if it is **subscribed** (emphasis added) by the Secretary. The Substitute for Return filed for 1983 fails to comply with this rule. Defendant attempts to authenticate the 1983 return by supplementing it with what are captioned "Affidavits" signed by Trial Counsel and Barry Rosenthal. The "Affidavits" are not notarized and therefore considered mere statements espousing the authenticity of the Substitute for Returns. Since Defendant fails to meet its burden of proof, the burden of producing contrary evidence does not shift to Plaintiff. Consequently, there is a genuine issue of fact regarding whether Plaintiff filed a return in 1983.

■ As a matter of law, Defendant is entitled to judgment regarding the dischargeability of Plaintiff's 1981 tax obligation. It follows then that Defendant did not violate the Order of Discharge in communicating or levying against Plaintiff's property as it relates to the 1981 obligation only. However, Defendant has failed to demonstrate its allegation that Plaintiff did not file a tax return for calendar year 1983. Therefore, genuine issues of fact remain concerning the dischargeability of Plaintiff's 1983 purported tax liability and Defendant's violation, if any, of the Order of Discharge.

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

*Accordingly, it is*

**ORDERED** that Defendant's Motion for Summary Judgment be, and is hereby, **GRANTED IN PART;** and that Plaintiff's 1981 tax liability and interest totalling Forty Three Thousand Nine Hundred Seventy Eight and 03/100 Dollars ($43,978.03) be, and is hereby, **NONDISCHARGEABLE.**

***IT IS FURTHER ORDERED*** that Defendant's Motion for Summary Judgment be, and is hereby ***DENIED IN PART;*** and that the issue of plaintiff's 1983 tax return be, and is hereby, scheduled for Pre–Trial on ***Tuesday, December 21, 1993 at 10:30 A.M.,*** Courtroom No. 2, Room 119, United States Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio.