**In re Glenn E. EASTWOOD, Sr. and Jeannie E. Eastwood.**

**Glenn E. EASTWOOD, Sr. and Jeannie E. Eastwood, Plaintiffs,**

**v.**

**DEPARTMENT OF the TREASURY, INTERNAL REVENUE SERVICE, UNITED STATES of America, Defendant.**

**Bankruptcy No. 93–50083S.
Adv. No. 93–5008.**

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

Feb. 24, 1994.

---

William Benton, Pine Bluff, AR, for plaintiffs.

Tamera Fine–Trail, Washington, DC, for defendant.

### ORDER GRANTING THE UNITED STATES MOTION FOR SUMMARY JUDGMENT

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the cross-motions for summary judgment filed by the parties. The United States filed the response to the debtors' cross-motion for summary judgment on January 14, 1994, at which time the matter was under submission. The debtors initiated this adversary proceeding on June 15, 1993, seeking a determination that federal income taxes for the 1983, 1984, 1985, 1986, 1987 and 1988 taxable years are dischargeable in this bankruptcy case. The United States does not dispute that the federal income taxes for 1983, 1984, 1985, 1986, and 1987 are dischargeable. The parties also agree that the federal tax liens, notice of which was properly recorded, continue to attach to all property and rights to property, held by the debtors prior to the date of the filing of the Voluntary Chapter 7 petition in bankruptcy. 11 U.S.C. § 522(c). With regard to the 1988 taxable year, however, the United States asserts that since no federal income tax return was filed, the 1988 taxes are nondischargeable pursuant to Bankruptcy Code section 523(a)(1)(B)(i).

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), 1334. Moreover, this Court concludes that this is a "core proceeding" within the meaning of 28 U.S.C. § 157(b) as exemplified by 28 U.S.C. § 157(b)(2)(I).

The material facts regarding the 1988 taxable year are not in dispute. The debtors are in possession of a copy of a 1988 federal income tax return, dated April 26, 1989, signed only by the debtor husband. The Internal Revenue Service has no record of this document. However, on August 17, 1989, the debtors filed a request for an extension of time to file their 1988 federal income tax return. On October 10, 1989, the debtors filed a document stating that they would elect a filing status of "married filing joint return," for the 1988 and 1989 taxable years. However, no return having been filed by the debtors, the Internal Revenue Service prepared a "Substitute for Return," 26 U.S.C. § 6020, and on March 5, 1990, made an assessment of taxes, penalties and interest for the 1988 federal income tax year.

Under the Bankruptcy Code, a tax is nondischargeable if any one of several conditions are met. Specifically, a discharge in bankruptcy does not discharge any debt

(1) for a tax or a customs duty—

(B) with respect to which a return, if required—

(i) was not filed; * * *

11 U.S.C. § 523(a)(1)(B)(i). If, as the United States asserts, no federal income tax return was filed for the 1988 taxable year, the taxes for that year are not dischargeable in this bankruptcy case. The primary dispute between the parties is what constitutes a "return" within the meaning of the Bankruptcy Code.

■ The debtors' first argument, appearing in the complaint, is that a valid return was filed for the 1988 taxable year. However, they abandon this allegation in their motion for summary judgment by their admission that they have no documentation or other proof of the mailing of a 1988 return. Indeed, the assertion that they filed a return dated April 1989 is contradicted by the later request for an extension of time to file the 1988 return. Moreover, the preparation of a substitute return by the Internal Revenue Service is itself prima facie proof that a return was not filed. *Rank v. United States Internal Revenue Service*, 161 B.R. 406, 409 (Bankr.N.D.Ohio 1993). Accordingly, the Court finds that, as a matter of law, the debtors failed to file a 1988 federal income tax return.

■ The debtors next argue that the substitute return prepared by the Internal Revenue Service, combined with the written statement, signed by them on October 10, 1989, that they would file a joint return, constitutes the filing of a return within the meaning of section 523(a)(1)(B)(i) of the Bankruptcy Code. It is well settled that the preparation of a substitute return by the Internal Revenue Service does not itself constitute the filing of a return for dischargeability purposes. *See Bergstrom v. United States*, 949 F.2d 341 (10th Cir.1991); *Chapin v. United States*, 148 B.R. 304 (C.D.Ill.1992); *United States v. D'Avanza*, 132 B.R. 462 (M.D.Fla. 1991); *Lowrie v. United States*, 162 B.R. 864 (Bankr.D.Nev.1994) ("Every court ... has held that when a debtor fails to file a tax return and the IRS prepares one for her pursuant to § 6020(b), the debtor is not considered to have filed a return for purposes of § 523(a)(1)(B)(i)."); *Rank*, 161 B.R. at 409; *Rench v. United States*, 129 B.R. 649 (Bankr. D.Kan.1991); *Gushue v. Internal Revenue Service*, 126 B.R. 202 (Bankr.E.D.Pa.1991); *In re Woolley*, 1991 Bankr. Lexis 917 (Bankr. D.Neb. June 30, 1991); *Cross v. United States*, 1991 WL 281710, 1991 Bankr.Lexis 830 (Bankr.D.Nev. June 15, 1991); *Crawford v. United States*, 115 B.R. 381 (Bankr. N.D.Ga.1990); *Pruitt v. United States*, 107 B.R. 764 (Bankr.D.Wyo.1989); *Hofmann · v. United States*, 76 B.R. 853 (Bankr.S.D.Fla. 1987); *Haywood v. Illinois*, 62 B.R. 482 (Bankr.N.D.Ill.1986). Accordingly, the preparation of a 1988 return on behalf of the debtors by the Internal Revenue Service does not constitute a return for dischargeability purposes.

■ The fact that the debtors signed and filed a statement indicating that they would elect to file their 1988 return as "married filing jointly" does not convert the ad-

ministrative substitute return into a return which meets the requirements of the Internal Revenue Code and Regulations. *See Cross,* 1991 WL 281710, 1991 Bankr. Lexis 830. As noted by the court in *Rank,* 161 B.R. at 409,

> Internal Revenue Code section 6020 which gives the Internal Revenue Service the authority to prepare a substitute for return,
>
> does not supplant the taxpayer's obligation to file nor relieve the taxpayer from criminal liability for failing to file. The creation of a Substitute for Return is purely administrative, permitting the assessment and collection processes to commence ... Since the Substitute for Return generally contains only basic demographic information about the taxpayer, it does not contain sufficient information to qualify the return as a "tax return" under the Internal Revenue Code.

*Rank,* at 409. Although debtors may have signed a statement referring to their 1988 taxes, that signature does not constitute an attestment under penalty of perjury of the particular information required to be disclosed on a tax return. A document is a return only if "it purports to be a return, is sworn to as such, ... and evinces an honest and genuine endeavor to satisfy the law." *Cross,* 1991 WL 281710, at *1, 1991 Bankr.Lexis 830, at 3 (quoting *Zellerbach Paper Co. v. Helvering,* 293 U.S. 172, 55 S.Ct. 127, 79 L.Ed. 264 (1938)). Accordingly, the signature of the debtors on a separate document referring to their 1988 taxes does not transform a substitute for return prepared by the Internal Revenue Service into a properly signed and filed federal income tax return. *See Cross,* 1991 WL 281710, 1991 Bankr.Lexis 830.

Since the debtors failed to file a federal income tax return for the 1988 taxable year, the 1988 taxes, as well as the penalties and interest, are nondischargeable in this bankruptcy case. *See In re Oldfield,* 121 B.R. 249, 253 (Bankr.E.D.Ark.1990); *see also In re Hanna,* 872 F.2d 829, 830–31 (8th Cir.1989).

**ORDERED** as follows:

1. The United States Motion for Summary Judgment, filed on December 1, 1993, is GRANTED.

2. The debtors' "CounterMotion for Summary Judgment," filed on December 17, 1993, is DENIED.

3. The federal income taxes for 1983, 1984, 1985, 1986, and 1987 are dischargeable. However, the federal tax liens, notice of which was properly recorded, continue to attach to all property and rights to property, held by the debtors prior to the date of the filing of the Voluntary Chapter 7 petition in bankruptcy. 11 U.S.C. § 522(c).

4. The federal income taxes, including penalties and interest, for the 1988 taxable year are nondischargeable in this bankruptcy case pursuant to 11 U.S.C. § 523(a)(1)(B).

A separate judgment will be entered in accord with these findings.

**IT IS SO ORDERED.**