In the Matter of Jack M.
DELANEY, Debtor.

Jack M. DELANEY, Plaintiff,

v.

UNITED STATES of America, Defendant.

Bankruptcy No. 92–11715–TMB.
Adv. No. 93–1033.

United States Bankruptcy Court,
E.D. Louisiana.

Oct. 18, 1994.

Mark S. Goldstein, Howard, Lauduimey, Mann, Reed & Goldstein, New Orleans, LA, for debtor/plaintiff.

John M. Bilheimer, U.S. Dept. of Justice, Tax Div., Washington, DC, for U.S.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

THOMAS M. BRAHNEY, III, Chief Judge.

This matter came before the Court on a Motion for Summary Judgment filed by the United States of America ("United States"), and a Cross–Motion for Summary Judgment filed by the debtor. The underlying adversary proceeding was initiated by the filing of a Complaint by Debtor to Determine Dischargeability of Debt. A hearing was held on the motions on June 27, 1994 at which time the Court heard the statements of counsel. Upon consideration of the memoranda submitted, the record in this case and the related bankruptcy case, and the applicable law, the Court enters the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. The Debtor/Plaintiff, Jack M. Delaney, did not file timely federal income tax returns for the years 1982 through 1988.

2. On February 8, 1988, the Internal Revenue Service made assessments of federal income taxes against the Debtor for the years 1982, 1983, and 1984, for the amounts it believed to be due for those years, including penalties and interest, using a process known as "substitutes for returns".

3. In the fall of 1989, after having been contacted by an Internal Revenue Service revenue officer, the Debtor met with the revenue officer to discuss his delinquent returns and his delinquent payment situation.

4. On or about November 1, 1989, the Debtor signed and turned in to the revenue officer delinquent income tax returns for at least the years 1985, 1986, 1987, and 1988.

5. Early in 1990, the Internal Revenue Service made assessments of income tax due from the Debtor for the years 1985, 1986, 1987, and 1988 on the basis of the delinquent returns he had submitted to the revenue officer for those years.

6. The Debtor filed his Chapter 7 petition in this Court on April 20, 1992.

7. The Internal Revenue Service made no assessments of income tax due from the Debtor for the years 1982, 1983, or 1984, other than those that were made by use of the substitute for return procedure on February 8, 1988.

8. On January 11, 1993, the Internal Revenue Service mailed Debtor a notice of intent to levy for the three years in dispute.

### CONCLUSIONS OF LAW

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

2. The Debtor filed this adversary proceeding in order to determine the dischargeability of income taxes for the years 1982, 1983, and 1984. The Debtor claims that income tax returns for the years 1982, 1983, and 1984 were filed, thus making the 11 U.S.C. § 523(a)(1)(B)(i) exception to discharge inapplicable. The Debtor also maintains that the taxes in question are not priority taxes under 11 U.S.C § 507(a)(7)(A)(iii) because they had been assessed previously; therefore they do not fall under the 11 U.S.C. § 523(a)(1)(A) exception to discharge. The United States' Motion for Summary Judgment maintains that, regardless of whether the Debtor filed returns for the years 1982 through 1988, the taxes attributable to those years are nondischargeable because the Internal Revenue Service made no assessment based upon those returns prior to the date of the bankruptcy petition. After reviewing the memoranda filed and the applicable law, the Court finds that it must agree with the position advanced by the United States.[1]

3. 11 U.S.C. § 523(a)(1)(A) states in pertinent part that "this title does not discharge an individual from any debt ...... of the kind specified in section 507(a)(7) of this title" nor is a debt discharged "with respect to which a return, if required was not filed." 11 U.S.C. § 523(a)(1)(B)(i).

**Scenario # 1: The 1982 through 1984 returns were not filed.**

4. If the returns were never filed, these taxes come within the exception to discharge under 11 U.S.C. § 523(a)(1)(B)(i). Therefore the taxes are nondischargeable.

**Scenario # 2: The 1982 through 1984 returns were filed at the same time as the returns for 1985 through 1988 on or about November 1, 1989.**

5. Substitute returns are not "returns" as that term is used in the Bankruptcy Code. *In re Bergstrom,* 949 F.2d 341, 342 (10th Cir.1991); *In re Rench,* 129 B.R. 649, 651 (Bankr.D.Kan.1991). The word return in § 523 means only those returns actually filed by the debtor. *In re Chapin,* 148 B.R. 304, 306 (Bankr.C.D.Ill.1992).

6. In this case, the only documents which would qualify as actual returns for purposes of § 523 are those which were purportedly filed on or about November 1, 1989. A debtor's liability for federal income taxes for which the debtor never filed a return is not dischargeable even though the Internal Revenue Service had prepared substitutes for returns. *In re Chastang,* 116 B.R. 833, 834 (Bankr.M.D.Fla.1990).

7. Under 26 U.S.C. § 6501(a), the Internal Revenue Service has three years in which to make an assessment based on a filed return. According to the Debtor, his 1982, 1983, and 1984 returns were filed on or about November 1, 1989. If the return was filed on that date then the Internal Revenue Service could have assessed the taxes for these three years at any time until November 1, 1992. No assessment was made on the basis of the purported filing of those returns. The Debtor filed his petition herein on April 20, 1992, six months before the expiration of the three-year limitation period that the Internal Revenue Service had to make assessments.

8. The taxes for the three years in question constitute priority taxes under 11 U.S.C. § 507(a)(7)(A)(iii) because they were "not assessed before, but assessable, under applicable law or by agreement, after, the com-

---

1. The parties do not dispute that all of the penalties for the years 1982 through 1988 are dis-

chargeable. The taxes for the years 1985 through 1988 are also dischargeable.

mencement of the case." *In re Torrente*, 75 B.R. 193 (Bankr.S.D.Fla.1987).

9. Under either possible version of the facts the taxes for the years 1982 through 1984 are nondischargeable. Either the Debtor did not file his returns, in which case the taxes are nondischargeable under 11 U.S.C. § 523(a)(1)(B)(i) or he did file them, but the Internal Revenue Service made no assessment based on them prior to the date that his bankruptcy petition was filed and the taxes are nondischargeable under 11 U.S.C. § 523(a)(1)(A). Accordingly, the Court will deny the Motion for Summary Judgment filed by the Debtor and will grant the Motion for Summary Judgment filed by the United States. An appropriate Judgment will be entered.