**In re Brian Julius THOMPSON, Debtor.**

**Brian Julius Thompson, Appellant,**

v.

**United States of America, Appellee.**

Civ. No. AMD 01–3628.
Bankruptcy No. 00–1–8120–PM.

United States District Court,
D. Maryland.

Jan. 28, 2002.

Brian Julius Thompson, Burtonsville, MD, pro se.

## MEMORANDUM

DAVIS, District Judge.

This is an appeal from two orders of the bankruptcy court by the debtor, Brian J. Thompson. This Court sits as an appellate court in review of orders of the bank-

ruptcy court. Fed.R.Bank.P. 8001. The Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a). No hearing is necessary. Fed.R.Bank.P. 8012; Local Rule 105.6 (D.Md.2001). For the reasons set forth herein, I shall affirm the orders of the bankruptcy court.

## STANDARD OF REVIEW

■■■ A bankruptcy court's findings of fact may not be disturbed unless such findings are clearly erroneous. Fed. R.Bankr.P. 8013; *Green v. Staples*, 934 F.2d 568, 570 (4th Cir.1991). Conclusions of law are subject to plenary review. *Bowers v. Atlanta Motor Speedway, Inc. (In re Southeast Hotel Properties Ltd. Partnership)*, 99 F.3d 151, 154 (4th Cir. 1996); *Traveler's Ins. Co. v. Bryson Properties XVIII*, 961 F.2d 496, 499 (4th Cir.), *cert. denied*, 506 U.S. 866, 113 S.Ct. 191, 121 L.Ed.2d 134 (1992). An abuse of discretion standard applies in the review of the bankruptcy court's ultimate application of law to fact. "An abuse of discretion exists where the [lower court's] decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *In re Marvel Entertainment Group, Inc.*, 140 F.3d 463, 470 (3d Cir.1998) (quoting *ACLU v. Black Horse Pike Reg'l Bd. of Educ.*, 84 F.3d 1471, 1476 (3d Cir.1996)) (internal quotation omitted).

## FACTS AND PROCEDURAL HISTORY

Thompson filed a Chapter 7 case on or about July 26, 2000. Thompson's was a "no asset" case and the Internal Revenue Service filed no proof of claim. The bankruptcy court entered a discharge on or about January 27, 2001. Although Thompson had scheduled allegedly unpaid taxes in his filing, in fact (and it is undisputed) he never filed tax returns for tax years 1991 and 1992. In respect to those years,

the IRS had prepared substitute tax returns in 1994. Assessments for the two years in the total amount of $7893 went unchallenged by Thompson despite his receipt of all statutorily-required notices.

The IRS proceeded with collection efforts and, in May 2001, levied on Thompson's salary at American University. Thereafter, Thompson sought to reopen his Chapter 7 case for the purpose of having the bankruptcy court impose sanctions upon the IRS. The IRS opposed the motions to reopen and for sanctions. Ignoring and impliedly denying the request for sanctions, the bankruptcy court issued an order on or about September 12, 2001, reopening the case "for the limited purpose of determining debtor's tax liability, if any there be, for the years 1991 and 1992." In an accompanying "Memorandum to Parties," the bankruptcy court cited § 523(a)(1) of the Bankruptcy Code in noting that the IRS's failure to file a proof of claim was of no moment. Further, the court scheduled a status conference for October 5, 2001, in advance of which Thompson was ordered "to file with the Clerk of [the bankruptcy court] and serve upon counsel for the [IRS] before September 28, 2001, a statement under oath of any wages or other compensation received from the American University or any other party in the years 1991 and 1992." Thompson refused to file the required statement and filed instead on September 25, 2001, a "Motion to Set Aside Order." The gravamen of the motion to set aside, as with the motion for sanctions, was Thompson's assertion that because the IRS failed to file a proof of claim and Thompson had received a discharge, "[t]he IRS is ... out of time and the issue of any liability for [Thompson] for the years 1991 and/or 1992 is moot."

Accordingly, upon Thompson's violation of the September 12, 2001, order, the

bankruptcy court entered an order closing the case on October 9, 2001, which had the effect of permitting the IRS to continue unimpeded its collection efforts. Thompson filed a motion for reconsideration which the bankruptcy court denied by order entered on October 26, 2001. Thompson filed a timely notice of appeal on November 5, 2001.

## ANALYSIS

 Appellant identifies three issues for my consideration: "(1) Whether the [bankruptcy] Court erred when it ordered debtor to file a statement under oath of any wages or other compensation received from the American University or any other party in the years 1991 and 1992; (2) Whether the Court erred when it [re]opened the case to determine [t]ax [l]iability; and (3) Whether the Court erred when it denied debtor's Motion to Reconsider." It is clear that the bankruptcy court did not err in any respect. In refusing to treat the substituted return prepared by the IRS in 1994 (without any assistance or input by Thompson) in respect to Thompson's tax liability for tax years 1991 and 1992 as duly filed returns permitting discharge, the bankruptcy court simply applied a long line of near unanimous authority. *In re Chapin,* 148 B.R. 304 (C.D.Ill.1992); *Matter of Delaney,* 177 B.R. 251, 252 (Bankr.E.D.La.1994); *In re Lowrie,* 162 B.R. 864, 866–68 (Bankr. D.Nev.1994); *Gentry v. U.S.,* 223 B.R. 127, 129 (M.D.Tenn.1998); *In re Eastwood,* 164 B.R. 989, 991 (Bankr.E.D.Ark.1994); *Matter of Berard,* 181 B.R. 653, 657 (Bankr. M.D.Fla.1995); *but cf. In re Mathis,* 249 B.R. 324 (S.D.Fla.2000). *See generally* Annotation, Andrew M. Campbell, EXCEPTION FROM DISCHARGE OF TAXES UNDER § 523(A)(1) OF BANKRUPTCY CODE (11 U.S.C.A. § 523(A)), 145 A.L.R.Fed. 1 (1998, October 2000 Supp.). Thus, Thompson's assertion that the issue of his tax liability for years 1991 and 1992 was "moot" is incorrect as a matter of law

## CONCLUSION

For the reasons stated above, an order shall be entered affirming the bankruptcy court.