**In re Ivo Thomas ELMORE, Debtor.**

**Ivo Thomas ELMORE, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

Bankruptcy No. 92–91613–7.
Adv. No. 93–9053.

United States Bankruptcy Court,
S.D. Indiana,
New Albany Division.

Jan. 11, 1994.

J. Charles Guilfoyle, Jeffersonville, IN, for plaintiff/debtor.

Gerald H. Parshall, Jr., Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for I.R.S.

### MEMORANDUM

BASIL H. LORCH, III, Bankruptcy Judge.

This matter comes before the Court on the **United States' Motion for Summary Judgment** filed on November 23, 1993. The **Debtor/Plaintiff's Response to United States' Motion for Summary Judgment and Debtor/Plaintiff's Cross Motion for Summary Judgment** was filed on December 22, 1993.

### Statement of Fact

The Internal Revenue Service [hereinafter "IRS"] prepared "substitute returns" for the Debtor under section 6020(b) of the Internal Revenue Code (Title 26, U.S.C.) on July 2, 1987. Based upon the substitute returns, the IRS issued a Notice of Deficiency on September 3, 1987, relating to the aforesaid taxable years. On November 25, 1987, the Debtor filed a petition for a redetermination of the deficiencies with the United States Tax Court bearing Tax Court docket number 37659–87. In that action, the Debtor introduced federal income tax forms for 1981, 1982, and 1983 as a group exhibit to the Tax Court petition. The Tax Court case was ultimately settled by Agreed Order dated September 30, 1988, which Agreed Order assessed the Debtor for unpaid federal income taxes, interest and penalties for the

years 1981, 1982, and 1983 on November 21, 1988.

The Debtor/Plaintiff filed his Chapter 7 petition on October 14, 1992, and subsequently filed the instant adversary proceeding on July 21, 1993 to determine the dischargeability of his 1981, 1982, and 1983 federal income taxes. The Court is now asked to determine whether the 1981, 1982, and 1983 returns filed by the Debtor/Plaintiff within litigation in the United States Tax Court with the Commissioner of Internal Revenue in November 1987 qualifies as a "filed" return as contemplated in 11 U.S.C. Section 523(a)(1)(B).

## Discussion

The parties seek summary judgment pursuant to Federal Rule of Civil Procedure 56, which is applicable to adversary proceedings filed in bankruptcy cases pursuant to Bankruptcy Rule 7056. Rule 56(c) provides, in pertinent part:

(c) Motion and Proceedings Thereon.... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

When reviewing a motion for summary judgment, all reasonable inferences are to be resolved in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257, 106 S.Ct. 2505, 2514–15, 91 L.Ed.2d 202 (1986). In order to survive a motion for summary judgment, the nonmovant need only present evidence from which the factfinder may return a judgment in his favor. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). With the proper standard by which to review a motion for summary judgment established, the plaintiffs' motion will be reviewed.

The United States' [hereinafter "Government"] asserts that the aforesaid taxes are nondischargeable under Section 523(a)(1)(B)(i) and (ii) because the debtor either failed to file a return or a return was filed after the return's due date and after the date which is two years prior to the bankruptcy petition. Conversely, the debtor contends that returns were filed in the Tax Court action, and as such, were "filed" within the spirit and meaning of Section 523. The burden of proving nondischargeability of taxes pursuant to Section 523(a)(1) is on the government, and must be proved by the preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 286–91, 111 S.Ct. 654, 659–61, 112 L.Ed.2d 755 (1991).

Initially, the Court notes that the 1040 documents filed by the debtor in Tax Court do constitute "returns" as that term is defined in *Beard v. Commissioner of Internal Revenue,* 82 T.C. 766, 777, 1984 WL 15573 (1984), *aff'd per curiam,* 793 F.2d 139 (6th Cir.1986). The issue currently before the Court is whether those returns were "filed" within the meaning of Section 523.

The Government relies upon 26 U.S.C. Section 6091[1] to hold that the returns were

---

1. 26 U.S.C. Section 6091 provides as follows:

**SEC. 6091. PLACE FOR FILING RETURNS OR OTHER DOCUMENTS.**

(a) GENERAL RULE.—When not otherwise provided for by this title, the Secretary shall by regulations prescribe the place for the filing of any return ...

(b) TAX RETURNS.—In the case of returns of tax required under authority of part II of this subchapter—

(1) PERSONS OTHER THAN CORPORATIONS.—

(A) GENERAL RULE.—Except as provided in subparagraph (b), a return (other than a corporation return) shall be made to the Secretary—

(i) in the internal revenue district in which is located the legal residence or principal place of business of the person making the return, or

(ii) at a service center serving the internal revenue district referred to in the clause (i), as the Secretary may by regulations designate.

\* \* \* \* \* \*

(4) HAND–CARRIED RETURNS.—Notwithstanding paragraph (1), (2), or (3), a return to which paragraph (1)(A), (2)(A), or (3)(A) would apply, but for this paragraph, which is made to the Secretary by hand carrying shall, under regulations prescribed by the Secretary, be made in the internal revenue district referred to in paragraph (1)(A)(i), (2)(A)(i), or (3)(A)(i), as the case may be.

(5) EXCEPTIONAL CASES.—Notwithstanding paragraph (1), (2), (3), or (4) of this subsec-

not "filed" because they were not filed in the specific manner prescribed for therein. Similarly, the Government urges this Court to adopt the Tax Court's interpretation of "filing" used for purposes of construing the limitations period for assessing taxes. This Court, however, finds the Tax Court's logic in construing limitations periods to be inapplicable in this situation.

In *Matter of Carapella*, 84 B.R. 779 (Bankr.M.D.Fla.1988), cited by both parties as support for their respective motions for summary judgment, the debtor was convicted of mail fraud through eight shell corporations, none of which had filed income tax returns. The IRS agent who identified the shell corporations filed Form 870s for identification purposes, which the debtor signed. The court, relying upon Revenue Ruling 74–203, held that an executed Form 870 is a return as described in Internal Revenue Code Section 6020(a). That ruling states as follows:

> Even though a document is not in a form prescribed for use as the appropriate return, it may constitute a return if it discloses the data from which the tax can be computed, is executed by the taxpayer, and is lodged with the Internal Revenue Service. See *Germantown Trust Co. v. Commissioner*, 309 U.S. 304 [60 S.Ct. 566, 84 L.Ed. 770] (1940).

The Court in *Matter of Carapella* made the following observation:

> This Court is satisfied that the fact that Form 870 was not accompanied by schedules is of no consequence in this instance because the Government already possessed sufficient information to determine the tax liability of the Debtor. In fact, the record is clear that Revenue Agent Blanco prepared a summary of the taxes due and owing for 1977, 1978 and 1979 and the Debtor agreed and confirmed that those assessments of his tax liability were correct. Hence, at the time the Debtor signed the Form 870 the Government pos-

sessed sufficient information to calculate his tax liability.

*Id.* at 782.

The debtor has, in this instance, provided the Government with completed form 1040s for all the taxable years in issue and has supplied any remaining information needed by the IRS to determine the debtor's income and deductions. All the pertinent information was provided to the Government in the Tax Court proceeding and that information was examined by the IRS to determine the debtor's tax liability. The Court finds that the 1981, 1982 and 1983 tax returns filed as part of the debtor's Petition in the United States Tax Court in November of 1987 constitute a sufficient filing of such returns so as to remove them from the exceptions from discharge as contemplated under 11 U.S.C. Section 523(a)(1)(B)(i).

In accordance with all of the foregoing, it is hereby ordered that the **United States' Motion for Summary Judgment** be, and the same is hereby, **DENIED.** It is further ordered that the **Debtor/Plaintiff's Cross Motion for Summary Judgment** is hereby **GRANTED.** The Court does further order that the debtor's federal income taxes for the taxable years 1981, 1982, and 1983 are dischargeable under 11 U.S.C. Section 523(a)(1)(B)(i).

**IT IS SO ORDERED.**

### ORDER

This matter comes before the Court on the **United States' Motion for Summary Judgment** filed on November 23, 1993. The **Debtor/Plaintiff's Response to United States' Motion for Summary Judgment and Debtor/Plaintiff's Cross Motion for Summary Judgment** was filed on December 22, 1993.

The Court, after consideration of the foregoing pleadings and arguments of counsel, and being otherwise fully and sufficiently advised, does hereby **DENY** the **United States' Motion for Summary Judgment.** The **Debtor/Plaintiff's Cross Motion for**

tion, the Secretary may permit a return to be filed in any internal revenue district, and may require the return of any officer or employee of

the Treasury Department to be filed in any internal revenue district selected by the Secretary.

Summary Judgment is, accordingly, GRANTED.

IT IS SO ORDERED.