In re Gene F. ASHE, Debtor.

United States of America, Appellant,

v.

Gene F. Ashe, Appellee.

No. CV 97–5225 CBM.
Bankruptcy No. ND 92–71322 RR.
Adversary No. AD 96-1181 RR.

United States District Court,
C.D. California.

July 6, 1998.

458

Nora Manella, United States Attorney, Edward M. Robbins, Assistant United States Attorney, Chief, Tax Division, Gregory A. Roth, Assistant United States Attorney, for Appellants.

Gene F. Ashe, Pro se, Appellee.

## OPINION

MARSHALL, District Judge.

This matter is before the Court on appeal from the United States Bankruptcy Court, the Honorable Robin L. Riblet, presiding. Appellant United States of America ("Appellant") appeals the Judgment of the Bankruptcy Court in favor of Appellee Gene F. Ashe ("Appellee"). Appellee objects to the late filing of Appellant's Reply Brief.

## I. JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(c)(1).

## II. BACKGROUND

Appellee did not file income tax forms for the years 1981 and 1982. The Internal Revenue Service ("IRS") prepared a Substitute for Return ("SFR") for both years, containing only Appellee's name, address, social security number, and filing status. On or about June 23, 1986, the IRS sent a Notice of Deficiency to Appellee, and approximately one year later, Appellee submitted tax information for the years at issue ("Schedule"). Appellant's Excerpts of Record, Ex. 20 at 247. Appellee totaled his tax deficiency at $17,530.00. However, this information was not submitted on a form 1040. On December 9, 1987, the IRS sent a proposed decision letter to Appellee which set forth the deficiencies in income tax for the relevant years totaling $17,795.00. On November 23, 1988, the Tax Court entered a stipulated decision, signed by both Appellee and the IRS, which set Appellee's tax deficiencies at $15,340.00.

On September 11, 1992, Appellee filed a Voluntary Petition for relief under Chapter 7 of the United States Bankruptcy Code, and a Discharge of Debtor was filed on February 25, 1993. The bankruptcy case was closed on October 4, 1994. However, the IRS sought collection of the tax debt due under the stipulated decision. Appellee filed a complaint to reopen the case to determine the dischargeability of the tax debt. The Bankruptcy Court allowed the case to be re-opened, and a trial commenced.

At trial, with the exception of the SFR prepared by the IRS, Appellant could not locate the file relating to Appellee's case, the IRS destroyed the file because the two year mandatory retention period had expired. Nor could IRS Appeals Officer Lee recall any dealings, conversations, or correspondence with Appellee about his case. The Bankruptcy Judge found that Appellee's tax obligation was dischargeable.

Appellant contends that the Bankruptcy Judge was in error when she: 1) granted judgment discharging Appellee's tax liability; 2) concluded that Appellee filed tax returns for 1981 and 1982; 3) found that Appellee's tax liability for 1981 and 1982 were discharged in Appellee's Chapter 7 bankruptcy case; and 4) found that Appellee's complaint and action were not barred by the doctrine of laches. Appellee argues that the Bankruptcy Judge was not clearly erroneous in finding that Appellee cooperated with Appellant and furnished tax data helpful to the tax determination. Appellee also argues that the Bankruptcy Judge was correct in finding that the documents submitted to Appellant by Appellee were returns, and the taxes were discharged in bankruptcy.

## III. DISCUSSION

1. Standard of Review on Appeal

 This Court reviews the Bankruptcy Court's conclusions of law de novo. Findings of fact are upheld unless they are clearly erroneous. *Britton v. Price (In re Britton)*, 950 F.2d 602, 604 (9th Cir.1991) (citing *Rubin v. West (In re Rubin)*, 875 F.2d 755, 758 (9th Cir.1989)). Appellant contends that there was insufficient evidence produced at trial to establish that Appellee provided a schedule to the IRS. There was no record of the Schedule being sent other than by mail, there is no record of a postmark, IRS Appeals Officer Lee did not recall receiving the Schedule, and the IRS does not have any record of receiving the Schedule.

However, Appellee's case file was destroyed after the two year mandatory retention period had expired. Appellant's Record Excerpts ("R.E."), Ex. 21 at 336 & 339. So Appellant did not and could not present any evidence that Appellee did not send the Schedule to the IRS. Furthermore, the fig-

ures in the Schedule were almost identical to those ultimately used to determine Appellee's tax, evidencing the IRS' receipt and the Schedule. R.E., Ex. 20 at 247 and 265–67. Finally, Appellee testified to sending the Schedule to the IRS, and provided the Bankruptcy court with the documents previously submitted to the IRS. Since Appellant had no evidence which would show Appellee did not send the Schedule, the only evidence before the court on this issue was Appellee's testimony and records. Therefore, the Bankruptcy Judge's finding that Appellee did submit the Schedule to the IRS was not clearly erroneous.

### 2. Dischargeability of Tax Liability in Bankruptcy

According to 11 U.S.C. § 523, bankruptcy does not discharge an individual debtor from any debt arising from a tax obligation when a required return was not filed or filed after the date it was due and after two years before filing of the bankruptcy petition. 11 U.S.C. § 523(a)(1)(B). When a party does not file a tax return, but consents to disclose the information necessary to prepare the return, and signs the disclosure document, it will be received as a return. 26 U.S.C. § 6020(a). For the purposes of discharge in bankruptcy, a return does not have to be in a form use by the IRS. If a document discloses data from which the tax can be calculated, is executed by the taxpayer, and is lodged with the IRS, then it is considered a return. Revenue Ruling 74–203; *In re Elmore v. United States of America*, 165 B.R. 35, 37 (S.D.Ind.1994). When a party fails to file a return, or willfully files a false or fraudulent return, the IRS shall prepare the return from its own information. Tax liability cannot be discharged when this occurs because the taxpayer is not considered to have filed a return. *In re Lowrie*, 162 B.R. 864, 866; 26 U.S.C. § 6020(b). The burden rest with the government to prove nondischargeability by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 659–60, 112 L.Ed.2d 755.

Appellant contends that the Bankruptcy Judge was in error when she found that Appellee had filed a return pursuant to

§ 6020(a), because Appellee did not file an actual tax return for 1981 and 1982, and the Schedule was submitted only to bargain with the IRS. R.E., Ex. 20 at 247. Appellant also contends that, even if the Schedule submitted by Appellee provided information necessary for the preparation of the 1981 and 1982 tax returns, the IRS did not prepare any documents in accordance with § 6020(a), nor were any signed by the Appellee.

Appellant relies on the holding in *In re Gushue* to support its contentions that the Schedule was not a tax return pursuant to § 6020(a). 126 B.R. 202, 204 (E.D.Pa.1991). In *Gushue*, the IRS filed substitute return under § 6020(b), containing only the debtor's name, address, social security number, and filing status. The debtor challenged the Notice of Delinquency, but later settled the dispute, and signed a stipulated decision entered by the Tax Court. *Id.* at 203. The bankruptcy court found that "[a]n anomalous result would be reached if we were to rule that debtor, who failed to file his tax returns, did not cooperate with the IRS in preparing the substitute returns and then challenged the IRS' notice of deficiency in the United States Tax Court, is deemed to have filed his return under 26 U.S.C. § 6020(a) and Revenue Ruling 74–203 simply because he settled his dispute with the IRS and signed a stipulated decision which was entered by the Tax Court." *Id.* at 205. The court held that the debtor's tax obligation are nondischargeable under 11 U.S.C. § 523(a)(1)(B)(i). *Id.*

Appellee argues that *Gushue* is not applicable to this case because Appellee did in fact cooperate with the IRS, and provided the IRS with data from which tax liability could be determined. Appellee also argues that the information he sent to the IRS was not an attempt at bargaining or settling the tax dispute. The Bankruptcy Judge agreed with Appellee and found that the preponderance of evidence indicates that Appellee provided the IRS with the Schedule, and a tax determination could be made therefrom, R.E. Ex. 24 at 618–19, and that the IRS used the Schedule to prepare the proposed resolution for the tax dispute. *Id.*, p. 620. The Bankruptcy Judge ultimately held that Appellee filed a de facto return in accordance with

Revenue Ruling 74–203 and case law, and that the 1981 and 1982 taxes were dischargeable. *Id.*, pp. 620–21.

Since the Bankruptcy Judge found that the Schedule was sufficient to calculate tax liability, Appellant's contentions that Appellee did not file a return pursuant to Revenue Ruling 74–203 and 26 U.S.C. § 6020(a) must fail. Contrary to the debtor in *Gushue*, Appellee did more than settle the dispute and sign a stipulated decision. By providing the Schedule, Appellee cooperated with the IRS and provided information from which the IRS could prepare a return. Although Appellant contends that intent is a required element, Appellant does not offer any evidence illustrating that it was not Appellee's intent that the Schedule be submitted as a return. Furthermore, Revenue Ruling 74–203 and § 6020(a) do not contain an intent requirement. So even if Appellant could prove that it was not Appellee's intent to provide the schedule as a return, he still provided the IRS with information enabling it to make a tax determination. However, in reviewing Appellee's trial exhibits, one could conclude that Appellee contacted the IRS in an effort to cooperate, and then took steps to rectify the tax dispute. R.E., Ex. 20 at 245–46, 253–54, and 256–63. The Bankruptcy Judge found that the Schedule provided data from which Appellee's tax liability could be computed was not clearly erroneous, the Schedule is a return under Revenue Ruling 74–203 and 26 U.S.C. § 6020(a). Hence, Appellee's taxes for 1981 and 1982 are dischargeable.

### 3. Laches

 The doctrine of laches is an equitable remedy limiting the time in which a party has a right to sue. The doctrine bars an action when there has been an unreasonable delay by a party which prejudices her adversary. When considering the defense of laches, the court should balance the plaintiff's delay against the prejudice to the defendant caused by the delay. Appellant contends that it was unduly prejudiced by Appellee filing his notice to reopen the bankruptcy case because it had destroyed Appellee's files and its witnesses could not recall much information about Appellee's tax dispute. More-

over, Appellant contends that Appellee unreasonably delayed bringing the underlying action because Appellee did not move to reopen the matter until two years after the matter was closed. Appellee argues that the underlying action was not brought sooner because he did not receive notice of Appellant's determination that the 1981 and 1982 tax debt were not dischargeable until three months prior to the close of the initial bankruptcy petition. R.E., Ex. 21 at 333. Furthermore, Appellee argues that the only reason the underlying action was brought was to respond to Appellant's declaration that the tax debt was nondischargeable, and that despite the delay, the burden rest with Appellant to prove dischargeability.

 The Bankruptcy court has broad discretion in allowing a closed bankruptcy case to be reopened. Reopening a bankruptcy case is a matter of routine, and the Bankruptcy court's power to reopen a matter is not controlled by a time limit. The issue of nondischargeability of the tax debt arose three months prior to close of the initial bankruptcy action in 1993, and Appellee did not bring this present action until two years after the initial bankruptcy matter was closed. Even if Appellee brought an action two years earlier, Appellant still would not have had the benefit of the tax files because the IRS destroyed the files after September 30, 1991. Nor would their witnesses have any better recollection of events that took place between 1986 and 1989. Appellee did not file the Voluntary Petition for relief under Chapter 7 until September 11, 1992. Hence, Appellant was not prejudiced by Appellee's delay in bringing this action, and the Bankruptcy Judge did not abuse its discretion in reopening the original bankruptcy matter.

### IV. APPELLEE'S OBJECTION TO APPELLANT'S REPLY

 Appellee requests that the Court not consider Appellant's Reply Brief because it was filed late. Pursuant to the Brief Scheduling Notice, Appellant was required to serve its reply ten days after receipt of Appellee's Answering Brief. The Answering Brief was served on September 12, 1997, which would

462

require Appellant to serve the Reply Brief on or before September 22, 1997. Appellant did not serve Appellee until September 26, 1997. However, under Fed.R.Civ.P. 6(a), intermediate Saturdays and Sundays are not counted in the computation of the time of service when the period allowed for service is less than eleven days. Here, Appellant had less than eleven days to serve the Reply Brief, and the intermediate weekend days are excluded from the computation of time of service, giving Appellant an additional four days to serve the Reply Brief. Hence, service on September 26, 1997 was timely.

## V. CONCLUSION

For the foregoing reasons, the Court AFFIRMS the Judgment of the Bankruptcy Court, and OVERRULES Appellee's Objections to Appellant's Reply Brief.

**AFFIRMED.**

**IT IS SO ORDERED.**